## SMITH v. ANDERSON.

### No. 1509.

Municipal Court of Appeals for the District of Columbia.

Argued June 28, 1954.

Decided July 30, 1954.

Harry M. Ussery, Washington, D. C., for appellant.

W. Byron Sorrell, Washington, D. C., with whom Cullen B. Jones, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant Smith was the creditor of McDorman, who was doing business under the name of Imperial Fish Company. Some time in the summer of 1951 McDorman conveyed the business to Anderson, appellee herein. On August 9 of that year Smith filed suit in the Municipal Court against McDorman on his debt of $2,359.14. At the same time he caused a writ of attachment before judgment [1] to be issued against the property of McDorman in the hands of Anderson. In his answers to the interrogatories accompanying the writ, Anderson denied being indebted to or having in his possession any of the goods,

1. See Kuzminsky v. Wagner, D.C.Mun. App., 87 A.2d 411, 412, and cases there cited.

1. Code 1951, § 16–301.

chattels, or credits of McDorman. He did admit, however, to having $2,155.16 on deposit in his bank, which funds he had agreed to disburse to various creditors of McDorman, including Smith.

On September 14, 1951, Anderson was added as a defendant in a suit previously filed in the United States District Court against McDorman by another one of his creditors, the M. P. Levy Co., Inc. This supplemental complaint alleged that Anderson had bought the Imperial Fish Company from McDorman for $8,000, of which he had paid $4,000 to McDorman in cash, and of the remaining $4,000, $1,500 had been paid to creditors, while the other $2,500 had been attached by still other creditors. The complaint prayed that a receiver be appointed to take control of the remaining assets in the hands of Anderson until the claim of the Levy Company against McDorman could be determined. Subsequently, a receiver was appointed by order of the District Court, and the assets of the company, including the remainder of the unpaid purchase price, were ordered turned over to the receiver.[2] On November 26, 1951, Anderson agreed to the entry of consent judgments in the District Court action in favor of Levy and another creditor, Huf, who had intervened. By order of that court the receiver returned all the assets to Anderson, and the consent judgments amounting to $3,500 were then paid in full. Smith took no part whatsoever in the District Court action, and there is nothing in the record to show that he was notified of those proceedings or that his prior attachment was brought to the attention of the District Court.

On June 26, 1953, Smith was awarded judgment in the Municipal Court for his full claim against McDorman. Four months later Smith moved for judgment against the garnishee,[3] Anderson, for the amount which Anderson had admitted having in his possession at the time of the attachment before judgment. After hearing oral argument, the trial court denied the motion and Smith appeals from this ruling.

Two major contentions are made by Anderson as to why he should not be subject to a judgment on the attachment. He argues that he should not be held liable in an action in the Municipal Court as he has disbursed these funds to other creditors under order of the District Court, and if we were to reverse the denial of the motion for judgment, we would be subjecting him to double liability. But the file in the District Court action shows that he did not disburse this money under an order of the court. Rather, he voluntarily consented to judgments being entered against him in favor of other creditors. The District Court then ordered the funds held by the receiver to be returned to Anderson, and the receiver was discharged. Thus, the funds were not disbursed by the receiver under order of the court, but, in fact, were returned in full to Anderson, who apparently used the money to satisfy the consent judgments.

Anderson also contends that the money in his hands was a trust fund for the benefit of creditors, as the sale of the business by McDorman was "conclusively presumed fraudulent and void" because of the failure of the parties to list and notify the creditors in compliance with the Bulk Sales Law.[4] He concludes, therefore, that he became a trustee of the funds by operation of the above statute, and that, as trust funds, the money was not subject to attachment. But from the record before us, we are not in a position to determine the exact legal status of these funds, as much depends upon the actual agreement between McDorman and Anderson as to their disposition. No testimony was taken in the trial court to de-

2. A copy of this order was included in the record certified to us by the Municipal Court. In order to fully determine the relationship of this order to the remainder of the action, we have found it necessary to examine the entire file of the

District Court in Levy v. McDorman, Civil Action No. 1861–51.

3. Code 1951, § 16–323.

4. Code 1951, § 28–1701 et seq.

termine whether this money was in fact a credit of McDorman's, and this can only be determined after a hearing. The Code, Title 16–317, provides that if the garnishee denies having in his possession any property or credits of the defendant the plaintiff may traverse such denial and the issue shall then be tried by the court as prescribed by Title 16–316.

The case is, therefore, remanded with instructions that the statutory procedure mentioned above be followed.

Remanded with instructions.