E. L. ANDERSON, Garnishee, Appellant,

v.

William B. SMITH, Appellee.

No. 2021.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 19, 1957.

Decided Jan. 14, 1958.

W. Byron Sorrell, Washington, D. C., with whom Cullen B. Jones, Jr., Gerard P. Fleischut and Bernard J. Hammett, Washington, D. C., were on the brief, for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

This case involves the question whether appellee, as an attaching creditor, was entitled to a judgment of condemnation against funds in the hands of appellant, as garnishee. This is the second time the matter has been before us. In the earlier case the trial court had refused to grant the judgment; plaintiff then brought the case here on appeal. In deciding that appeal we noted that the garnishee contended he was a trustee of the funds, and that, as trust funds, they were not subject to attachment. In our former opinion we said:

"* * * But from the record before us, we are not in a position to determine the exact legal status of these funds, as much depends upon the actual agreement between McDorman [the debtor] and Anderson [the garnishee] as to their disposition. No testimony was taken in the trial court to determine whether this money was in fact a credit of McDorman's, and this can only be determined after a hearing. * * *"

We remanded the case with instructions to grant a hearing, as provided by Code 1951, §§ 16–316, 16–317.[1]

---

1. Smith v. Anderson, D.C.Mun.App., 107 A.2d 126.

After remand a hearing was held, at which oral and documentary evidence was received. The court then granted judgment of condemnation against the appellant, as garnishee. This appeal is from that judgment. A careful examination of the record of the hearing convinces us that the trial court was justified in ruling as it did. We therefore affirm the judgment.

■ There remains the question whether an attorney's fee should be allowed counsel for appellant. It appears that the trial court had this question before it in the form of a motion to amend its judgment to provide for such fee; but before reaching a decision on the motion, this appeal was noted, and the trial court ruled that the appeal divested it of any further jurisdiction over the judgment. After our mandate has been received by the trial court, there would seem to be no reason why counsel for appellant may not renew his request for such fee under the provisions of Code 1951, § 16–323.

It is so ordered.

