J-S01030-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
EDDIE QUICK :
:
Appellant : No. 2115 EDA 2019

Appeal from the Judgment of Sentence Entered October 17, 2017
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002718-2015

BEFORE:    BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:    Filed: April 15, 2020

Although I join the Majority, I do so reluctantly as to the discretionary aspects of Quick's sentences. The Majority determines that the alleged excessiveness of Quick's consecutive sentences for robbery does not present a substantial question. It is true that this Court has held that "[a] challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." *Commonwealth v. Zirkle*, 107 A.2d 127, 133 (Pa. Super. 2014). I must follow this proposition even though I do not agree with it. *See id.* (Strassburger, J., concurring). As I explained in my concurrence in *Zirkle*, our limited ability to review discretionary aspects of sentences provides trial courts with "nearly unfettered discretion" to impose consecutive or concurrent sentences. *Id.* at 134. I believe that this limited

---

*Retired Senior Judge assigned to the Superior Court.

review of sentencing discretion is at odds with Article V, Section 9 of the Pennsylvania Constitution, which provides criminal defendants with "an absolute right to appeal." *Id.* (citing *Commonwealth v. Franklin*, 823 A.2d 906, 908 (Pa. Super. 2003)).

In the instant case, while I agree with the Majority that Appellant's robbery crimes technically do not merge for sentencing purposes, the trial court's decision to run the robbery sentences consecutively results in an aggregate sentence that is more than a sentence for third-degree murder. If the trial court had imposed the sentences concurrently, Appellant's actions of stealing a car at knifepoint would have resulted in a ten to twenty year sentence. But since the trial court imposed the sentences consecutively, those same actions resulted in a twenty to forty year sentence. To be clear, "carjacking," as it is known colloquially, is a very serious crime, but in this case, no one suffered physical injury. Yet the law in this Commonwealth prevents us from even considering whether the trial court exercised its discretion appropriately in imposing a sentence that exceeds the sentence that would be warranted for a loss of life. This, to me, is unjust and unconstitutional.