555 A.2d 930

**COMMONWEALTH of Pennsylvania**

v.

**Joseph A. CIOTTO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1988.

Filed March 13, 1989.

David H. Acker, New Castle, for appellant.

Angelo Papa, Assistant District Attorney, New Castle, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

KELLY, Judge:

Appellant, Joseph Ciotto, appeals from judgment of sentence imposed following his jury trial convictions of terroristic threats and harassment by communication relating to a series of abusive telephone calls to his estranged wife. We vacate and remand for the filing of post-verdict motions *nunc pro tunc*.

The relevant facts are not in dispute. Appellant was found guilty of the above offenses on November 20, 1987. On November 30, 1987, appellant's court appointed counsel filed post-verdict motions. However, because counsel failed to file any brief in support of the post-verdict motions, they were summarily denied on February 2, 1988. On February 10, 1988, prior counsel withdrew and new counsel was appointed to represent appellant. New counsel then moved

to have the February 2, 1988 order summarily denying the post-verdict motions vacated based upon prior counsel's ineffectiveness with respect to the procedural default. New counsel sought allowance of an opportunity to brief the previously filed motions and argue them on their merits. The prosecuting attorney specifically noted in writing that he did not oppose the motion. Nonetheless, the motion was denied. Appellant was then sentenced to a term of 30 days to one year and 364 days and a concurrent term of 30 days to one year. No motion to modify sentence was filed. Timely notice of appeal, however, was filed.

On appeal the sole issue raised is whether appellant is entitled to pursue post-verdict motions *nunc pro tunc* based on original counsel's procedural default in failing to file a brief in support of post-verdict motions. Appellant contends that the failure of his court appointed counsel to follow procedural rules cannot constitutionally be permitted to deny him his right to a direct appeal. The Commonwealth responds that although the motions were denied without benefit of briefs or arguments, the opinion of the trial court indicates that they were disposed of on their merits.

The trial court opinion provides in pertinent part:

From November 30, 1987 until March 4, 1988 nothing was filed with this court and no communication was made to the court regarding the issues raised by the defendant. Had the defense in some way indicated their desire to make a reply, albeit tardy, the result may have been different. We recollect even contacting the defense to gain information as to a forthcoming response but to no avail. *In the interest of the finality of judgments and noting nothing on the face of the original petition to suggest merit, we dismissed the petition.* For the same reasons we denied the request to rescind the dismissal order.

Trial Court Opinion at 2. (Emphasis added).

We find that appellant was effectively denied his right to a direct appeal when original counsel failed to brief or

argue timely filed post-verdict motions. We reject the Commonwealth's assertion that the trial court properly disposed of the post-verdict motions on their merits. Appellant had a right to the zealous advocacy of competent counsel or the protections of formal withdrawal procedures. Here there was neither zealous advocacy nor a proper formal withdrawal. *Cf. Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). In similar contexts, we have held that the trial court may not properly pass on the merits of issues raised by a defendant until the defendant has had a *full, fair,* and *counselled* opportunity to present his claims. *See Commonwealth v. Harris*, 381 Pa.Super. 206, 216, 553 A.2d 428, 433 (1989); *Commonwealth v. Logan*, 370 Pa.Super. 348, 350, 536 A.2d 439, 440 (1988). Appellant had no such opportunity. Consequently we find the disposition of the claims on their merits to be fatally flawed.

When a defendant establishes that counsel's ineffective assistance denied him *entirely* his right to a direct appeal, he is entitled to a direct appeal *nunc pro tunc* without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal. *See Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982). Likewise, we hold that when counsel's procedural default effectively waives all post-verdict motions, appellant is entitled to pursue post-verdict motions *nunc pro tunc*, without regard to his ability to demonstrate the merit of the claims waived by the default.[1]

## Conclusion

Judgment of sentence is vacated. The case is remanded for consideration of post-verdict motions *nunc pro tunc.*

---

**1.** We note generally that dismissal of post-verdict motions on the basis of a procedural default in a criminal case, like a similar dismissal of a criminal appeal, improperly places the entire burden of counsel's errors on the *powerless* client, rather than the *offending* counsel. The more appropriate course in such cases is to direct counsel to comply with the procedural mandate on pain of contempt. *See Commonwealth v. Ely*, 381 Pa.Super. 510, 515, 554 A.2d 118, 121 (1989); *Commonwealth v. Osteen*, 381 Pa.Super. 120, 125, 552 A.2d 1124, 1126 (1989).