COMMONWEALTH of Pennsylvania,
Appellee,

v.

Frank Eric FRANKLIN, Appellant.

Superior Court of Pennsylvania.

Submitted March 24, 2003.
Filed April 29, 2003.

Dianne H. Zerega, Uniontown, for appellant.

Nancy D. Vernon, Asst. Dist. Atty., Uniontown, for Commonwealth, appellee.

Before: BENDER, OLSZEWSKI, and CAVANAUGH, JJ.

OLSZEWSKI, J.

¶ 1 This is an appeal from the lower court's dismissal of appellant's PCRA petition. For the following reasons, we vacate and remand.

¶ 2 Appellant was found guilty by a jury of one count of rape,[1] one count of criminal attempt to commit rape,[2] two counts each of involuntary deviate sexual intercourse,[3] aggravated indecent assault,[4] indecent assault,[5] and corruption of minors.[6] On June 22, 2000, he was sentenced to a total of 228

---

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 901, 3121.

3. 18 Pa.C.S.A. § 3123.

4. 18 Pa.C.S.A. § 3125.

5. 18 Pa.C.S.A. § 3126.

6. 18 Pa.C.S.A. § 6301.

to 456 months' confinement. New counsel was appointed, and appellant appealed to this Court. We suppressed the appellate brief and quashed his appeal on March 20, 2002, because the brief failed to comply with Pa.R.A.P. 2119. Specifically, it "improperly failed to support [the] legal claims with specific evidence contained in the record." *Commonwealth v. Franklin*, No. 1243 WDA 2000, at 4 (Pa.Super. Mar. 20, 2002) (unpublished memorandum).

¶ 3 On April 22, 2002, appellant filed his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* New counsel was appointed, who filed an amended petition requesting an appeal *nunc pro tunc*. A hearing was held on May 22nd, and counsel subsequently filed briefs. The lower court dismissed the petition on August 2nd, and appellant filed a notice of appeal from that decision on September 3rd.[7]

■ ¶ 4 On appeal, appellant assigns error to the lower court for dismissing his petition on two grounds. The first is that his original appellate counsel provided him with ineffective assistance for failing to properly brief his appeal. The second is that his trial counsel was ineffective for failing to obtain an expert medical witness to refute the Commonwealth's.

¶ 5 The lower court filed an opinion after the PCRA hearing. It utilized the test for ineffective assistance of counsel found in *Commonwealth v. Rompilla*, 554 Pa. 378, 721 A.2d 786 (1998):

To establish a claim of ineffective assistance of counsel under the PCRA, a defendant must show that (1) the underlying claim is of arguable merit; (2)

counsel had no reasonable basis for the act or omission in question; and (3) but for counsel's act or omission, the outcome of the proceedings would have been different.

*Id.* at 789. Under the third prong of the test, the court found that in appellant's briefed appeal, "issues were not supported by the record." Opinion at 5–6. Therefore, it held appellant was not entitled to his requested relief, an appeal *nunc pro tunc*.[8] The lower court also found appellant's ineffective assistance claim for trial counsel's failing to call an expert to be meritless.

■ ¶ 6 We believe that the court misunderstood the legal issue. The question is not whether the assignments submitted on direct appeal were of arguable merit, or whether that appeal would have been successful. It is whether appellant, as an indigent person, was deprived of the assistance of counsel on his direct appeal.

■ ¶ 7 In *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477 (1980), our Supreme Court explained the difference:

If counsel fails to raise an issue in post-verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit. This is so, inter alia, because an accused has no absolute right to raise baseless claims and counsel cannot be faulted for not advancing issues which will not at least arguably obtain some relief for the accused.

On the other hand, an accused has an absolute right to appeal, Pa. Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be

---

7. Appellant had 30 days to file his notice of appeal. Pa.R.A.P. 903. The 30th day was Monday, September 2nd, which was Labor Day. Therefore, he was permitted to file his appeal on the next day. 1 Pa.C.S.A. § 1908. His appeal, therefore, is timely.

8. We note that the opinion does not discuss all of the appeal issues, or provide enough information about those that it does discuss for us to conduct an independent review.

waived unless the accused himself effectively waives the right, i.e. for not protecting the accused's right in the absence of an effective waiver.

*Id.* at 479 (citations and footnote omitted).

 ¶ 8 The right to the effective assistance of counsel also finds support in the federal constitution. The Supreme Court long ago held that the state cannot discriminate against appellants on the basis of their indigency. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). More specifically, the "equal protection clause and the due process incorporation of the sixth amendment require that an indigent be afforded the assistance of legal counsel at every critical stage throughout the criminal process." *United States ex rel. O'Brien v. Maroney,* 423 F.2d 865, 868 (3d Cir.1970). The direct appeal is such a critical stage.

¶ 9 In *Commonwealth v. Ciotto,* 382 Pa.Super. 458, 555 A.2d 930 (1989), appellant's counsel failed to file a brief in support of his post-trial motions. This was at a time when an appellant was required to make such motions to preserve a subsequent appeal.[9] Unbriefed, the motions were summarily denied. The result was that the original issues were waived for appeal purposes. Appellant was appointed new counsel, who subsequently filed a motion to vacate that denial because of prior counsel's ineffectiveness. The lower court denied this motion, too, because it found no merit to the original motions.

¶ 10 On appeal from that order, appellant raised the issue of "whether [he was] entitled to pursue post-verdict motions *nunc pro tunc* based on original counsel's procedural default in failing to file a brief

in support of post-verdict motions." *Ciotto,* at 930–31. We held:

> [A]ppellant was effectively denied his right to a direct appeal when original counsel failed to brief or argue timely filed post-verdict motions.... Appellant had a right to the zealous advocacy of competent counsel or the protections of formal withdrawal procedures. Here there was neither zealous advocacy nor a proper formal withdrawal. In similar contexts, we have held that the trial court may not properly pass on the merits of issues raised by a defendant until the defendant has had a *full, fair,* and *counseled* opportunity to present his claims.
>
> * * * * * *
>
> When a defendant establishes that counsel's ineffective assistance denied him *entirely* his right to a direct appeal, he is entitled to a direct appeal *nunc pro tunc* without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal. Likewise, we hold that when counsel's procedural default effectively waives all post-verdict motions, appellant is entitled to pursue post-verdict motions *nunc pro tunc,* without regard to his ability to demonstrate the merit of the claims waived by the default.

*Id.* at 931 (citations and footnote omitted) (emphasis in original).

¶ 11 Appellants are no longer required to file post-trial motions to preserve issues for appellate review; but *Ciotto* is otherwise applicable to the case at bar. Counsel's brief was so procedurally defective that we could not reach the merits of appellant's assignments. We quoted the entirety of counsel's arguments in our

---

9. Pa.R.Crim.P 1123, rescinded on January 1, 1994, when Pa.R.Crim.P. 1410 became effective. Such motions became optional under Rule 1410, which was later renumbered Rule 720.

memorandum addressing the direct appeal. This is one of them:

> [Appellant] herein submits that his trial counsel failed to call witnesses, character and liability, after he provided the names and phone numbers to her. Furthermore, [appellant] asserts that trial counsel failed to zealously and competently represent him during the jury selection and trial. Trial counsel did not spend sufficient time with [appellant] to adequately prepare the case and his defense. In view of counsel's shortcomings, [appellant] submits that he was severely prejudiced as the jury found him guilty of all charges.

*Franklin,* No. 1243 WDA 2000, at 3. The second assignment centered on the evidence against appellant, and the third concerned a conflict between him and his counsel. They are substantially similar in their approach to legal argument.

¶ 12 A brief containing argument like this has the same result as filing no brief at all. The rules of appellate procedure required the parts of the arguments to have "discussion and citation of authorities." Pa.R.A.P. 2119(a). Further, where counsel's second argument rested on the evidence in the record, he was required to refer to that part of the record "where the matter referred to appears." *Id.* at 2119(c). These rules ensure that a brief serves its purpose—to permit the appellate court to address the assignments on their merits.[10] This brief, on the contrary, was so flawed as to force us to suppress it and quash the appeal, thus depriving appellant of an independent review of his case. We think that it is a logical extension of *Ciotto* to conclude that counsel's performance, resulting in a quashed appeal, was so ineffec-

tive as to have deprived appellant of his direct appeal.

¶ 13 Appellant was entitled to more. "[A]ny person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." *Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The "role [of the] advocate requires that [counsel] support his client's appeal to the best of his ability." *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Wilkerson* at 479 ("counsel can be faulted for allowing [appellant's] right [to an appeal] to be waived").

¶ 14 Of course, "[t]his is not to say counsel must advance baseless claims in an appeal; rather, under such circumstances, he must protect the accused's right through the procedure enunciated in *Anders* [ ]." *Wilkerson* at 479.

¶ 15 Further, counsel's failure was not overcome by the lower court's review of the original appeal. Appellant did not receive the independent legal review of his case that he was entitled to. *Eskridge v. Washington State Bd. of Prison Terms & Paroles,* 357 U.S. 214, 216, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958) ("The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available ....”). We have held that, once a lower court determines that an appellant is entitled to an appeal *nunc pro tunc,* it may not review any of their other claims for legal sufficiency. *Commonwealth v. Hoyman,* 385 Pa.Super. 439, 561 A.2d 756, 758 (1989); *Ciotto,* 555 A.2d at 931. Its role is limited

---

**10.** We also note that the brief demonstrates a failure to adhere to the Rules of Professional Conduct. Rule 1.1 requires that counsel provide the client with competent, thorough, and prepared representation; and Rule 1.3 requires that the representation be diligent and zealous.

to fact-finding, which becomes particularly valuable to our eventual review of an appellant's claims. *Id.* at 759, 555 A.2d 930. In this case, because appellant was entitled to an appeal *nunc pro tunc,* we will discount the lower court's analysis of the merits of his original appeal.

¶ 16 The order of the court below is VACATED. The case is REMANDED for an order granting appellant an appeal *nunc pro tunc,* with the assistance of counsel. Jurisdiction is relinquished.