J-S20033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL COLE | |
| Appellant | No. 1695 WDA 2014 |

Appeal from the Judgment of Sentence of September 15, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0001717-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                          **FILED MAY 8, 2015**

Michael Cole appeals his September 15, 2014 judgment of sentence, which was entered following his jury convictions of theft by unlawful taking of movable property, theft by deception by false impression, and receiving stolen property.[1]  We affirm.

The evidence adduced at trial, viewed in the light most favorable to the Commonwealth as verdict-winner, supports the following account of the factual history of this case.  K.D., the sixteen-year-old niece of Janice Campbell, lived with Campbell in Connellsville, Pennsylvania.  K.D. was the only other person living with Campbell during February and March 2013.  At or around this time, K.D. was intimately involved with Cole, who was

---

[1]    18 Pa.C.S. §§ 3921(a), 3922(a)(1), and 3925(a), respectively.

twenty-six years old at the time. At some point during their relationship, K.D. discovered a safe under Campbell's bed. While Campbell was at work and away from home, K.D. decided to open the safe. With Cole alongside her, K.D. pried open Campbell's safe with a butter knife. Although Cole was with K.D. at that time she opened the safe, he did not assist her in opening it. Upon opening the safe, K.D. found approximately twenty or thirty pieces of jewelry.

Initially, K.D. removed approximately ten pieces of jewelry from the safe. Afterwards, K.D. and Cole traveled together to Kathryn's Jewelry Store, located in Connellsville, Pennsylvania, which buys and sells jewelry. K.D. remained outside of the store, while Cole, with jewelry in hand, entered the store because, according to K.D., "[Kathryn's Jewelry Store does not] buy from underage children." Notes of Testimony ("N.T."), 7/8/2014, at 24. On February 25, 2013, at approximately 1:50 p.m., Cole sold two rings to Kathryn's Jewelry Store for $130.00.

K.D. and Cole then used the proceeds of their sale to purchase heroin, which they later used together. Shortly thereafter, K.D. and Cole returned to Campbell's house on one or two separate occasions and removed more jewelry from the safe. Cole accompanied K.D. during each of these occasions. Afterwards, Cole and K.D. returned together to Kathryn's Jewelry Store on four separate occasions to sell the jewelry. During each of these subsequent occasions, K.D. remained outside of the store, while Cole entered the store to sell the jewelry. K.D. estimated that Cole received

approximately $200.00 during each trip to Kathryn's Jewelry Store. After each transaction at the jewelry store, Cole used the proceeds to purchase heroin for himself and K.D., which they later used.

A few weeks before realizing that her jewelry was missing from her safe, Campbell reported to the police that K.D. was missing. Upon discovering items missing from her safe, Campbell filed a police report on March 4, 2013. *Id.* at 39. Within the police report, Campbell provided an itemized list of everything that was missing from her safe, which included jewelry, family heirlooms, and cash. Campbell valued all of the missing items from her safe to be approximately $14,000.00. *Id.* at 50.

In total, Cole made five separate transactions at Kathryn's Jewelry Store, which occurred on the following dates: February 25, 2013, February 27, 2013, February 28, 2013, March 3, 2013, and March 4, 2013. Joseph Orszulak, the Kathryn's Jewelry Store manager, oversaw all of the abovementioned transactions and identified Cole as the person who sold the jewelry. Aggregately, Cole received $715.00 from the five separate transactions with Kathryn's Jewelry Store. During these transactions, Orszulak filled out documents that contained Cole's personal information along with a description of the particular items associated with the transactions. Pursuant to store policy, Orszulak characterized the nature and frequency of these transactions as suspicious. Soon after these transactions, Orszulak contacted the police and provided them with these documents. Cole was arrested on June 26, 2013.

After a two-day jury trial, Cole was convicted on July 9, 2014, of theft by unlawful taking of movable property, theft by deception by false impression, and receiving stolen property. On September 15, 2014, Cole was sentenced to twelve to forty-eight months' imprisonment and ordered to pay $14,000.00 to Campbell and $800.00 to Kathryn's Jewelry Store in restitution. Cole did not file a post-sentence motion.

On October 14, 2014, Cole filed a notice of appeal. On October 15, 2014, the trial court directed Cole to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Cole timely filed on October 21, 2014. On December 22, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) in response to Cole's concise statement.

Cole raises the following issues on appeal:

1) Did the Commonwealth prove beyond a reasonable doubt, that [Cole] exercised unlawful control over [Campbell's] jewelry with the intent to deprive her thereof?

2) Did the Commonwealth prove beyond a reasonable doubt that [Cole] obtained or withheld [$800.00] dollars from Kathryn's Jewelry [Store] by creating or reinforcing a false impression?

3) Did the Commonwealth prove beyond a reasonable doubt that [Cole] intentionally received, retained[,] or disposed of [Campbell's] jewelry knowing that it was stolen or believing it was probably stolen?

4) Was [Ovszulak's] identification of [Cole] at trial unreliable?

5) Did the Commonwealth prove beyond a reasonable doubt that the jewelry was worth $14,000.00?

Brief for Cole at 7.

In his first issue, Cole challenges the sufficiency of the evidence developed by the Commonwealth to convict him of theft by unlawful taking of movable property. *Id.* at 10.

When examining a challenge to the sufficiency of evidence:

> The standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa. Super. 2005)).

In order for the jury to convict Cole of theft by unlawful taking of movable property, the Commonwealth must establish that Cole had "unlawfully take[n], or exercise[d] unlawful control over, movable property of another with the intent to deprive [Campbell] thereof." 18 Pa.C.S. § 3129(a). Movable property is defined as "[p]roperty the location of which can be changed. . . ." 18 Pa.C.S. § 3901. Property of another is defined as

"property in which any person other than the actor has an interest which the actor is not privileged to infringe. . . ." *Id.* Deprive is defined as "dispos[ing] of the property so as to make it unlikely that the owner will recover it." *Id.*

Circumstantial evidence is sufficient to establish a defendant's intent for unlawful taking of movable property. *Commonwealth v. Quel*, 27 A.3d 1033, 1041-42 (Pa. Super. 2011). Indeed, circumstantial evidence itself is sufficient to prove any element or all of the elements of unlawful taking of movable property. *Id.* Furthermore, the actor's intention or conscious object must be to unlawfully take property of another for purposes of depriving another of his or her property. 18 Pa.C.S. § 302(b)(1)(ii).

Presently, Cole argues that the Commonwealth failed to prove beyond a reasonable doubt that he exercised unlawful control over Campbell's jewelry with the intent to deprive her thereof. Brief for Cole at 10. Cole does not dispute the actual taking of the jewelry. *Id.* Rather, Cole argues that he believed the jewelry belonged to K.D., and, therefore he claims he did not possess the requisite intent to deprive Campbell of her property. *Id.* at 10-11. Specifically, Cole argues that "[K.D.], the niece of [Campbell], intentionally deceived [Cole] into believing that she had the legal right and authority to sell [Campbell's] jewelry." *Id.* Essentially, Cole argues that this mistake of fact caused him to take and sell Campbell's jewelry. *Id.*

A bona fide, reasonable mistake of fact will negate a criminal intent necessary for conviction of theft. *Commonwealth v. Lebron*, 765 A.2d

293, 295 (Pa. Super. 2000). For mistake of fact to be a valid defense, it is not necessary that facts be as the actor believed them to be, it is only necessary that he have a bona fide and reasonable belief in the existence of facts, which, if they did exist, would render the act innocent. ***Commonwealth v. Scott***, 73 A.3d 599, 603 (Pa. Super. 2013). Accordingly, when evidence of a mistake of fact is introduced, the Commonwealth retains the burden of proving the necessary criminal intent beyond a reasonable doubt. ***Id.***

At trial, K.D. testified that Cole accompanied her during each visit to Campbell's safe. N.T., 7/8/2014, at 30. Although Cole did not assist K.D. in opening the safe, he was present nonetheless. ***Id.*** K.D. also testified that she told Cole that the jewelry belonged to Campbell. N.T., 7/9/2014, at 51-52. During the initial visit to Campbell's safe, K.D. testified that she "jimm[ied] the lock open with a butter knife" because she did not have a combination to the safe. N.T., 7/8/2014, at 21-22. K.D. then gave approximately ten pieces of jewelry to Cole, who later sold them to Kathryn's Jewelry Store. ***Id.*** at 23.

Here, the evidence produced at trial does not support a finding of a bona fide, reasonable mistake by Cole to negate his criminal intent. In fact, the evidence demonstrates that Cole knew that the jewelry belonged to Campbell, and not K.D., because K.D. told Cole that the jewelry belonged to Campbell. Notwithstanding this fact, Cole also witnessed K.D. pry open Campbell's safe with a butter knife because she did not have access to the

safe's combination. *Id.* at 21. To that end, there is ample evidence to support a finding that Cole knew the jewelry did not belong to K.D., but, rather, that the jewelry belonged to the only other person living at that residence at the time, Campbell. Also, Orszulak, the Kathryn's Jewelry Store manager, identified Cole as the individual who sold him the jewelry in question, which supports a finding that Cole intended to deprive Campbell of her property. *Id.* at 67-69. Viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of unlawful taking of movable property, notably intent, beyond a reasonable doubt.

Cole also challenges the sufficiency of the evidence developed by the Commonwealth to convict him of theft by deception by false impression. Brief for Cole at 12. Specifically, Cole argues, "the Commonwealth presented no evidence that [Cole] was aware that the jewelry belonged to anyone other than [K.D.]." *Id.*

In order for the jury to convict Cole of theft by deception by false impression, the Commonwealth must establish that Cole "intentionally obtain[ed] or with[held] property of another by deception." 18 Pa.C.S. § 3922(a). A person deceives if he "intentionally[] creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind. . . ." 18 Pa.C.S. § 3922(a)(1).

However, as established in Cole's previous issue, there exists sufficient evidence to establish that Cole knew the jewelry belonged to Campbell, and,

not K.D.. Therefore, when Cole sold Campbell's jewelry to Kathryn's Jewelry Store for $715.00, he intentionally created the impression that he had the legal authority to sell the jewelry. For these reasons, Cole's claim fails.

Cole also challenges the sufficiency of the evidence developed by the Commonwealth to convict him of receiving stolen property. Brief for Cole at 14. Again, Cole argues, "the Commonwealth did not establish that [Cole] was ever aware that the jewelry belonged to [Campbell]." *Id.*

In order for the jury to convict Cole of receiving stolen property, the Commonwealth must establish that Cole "intentionally receiv[ed], retain[ed], or dispos[ed] of movable property of another knowing that it has been stolen, or believing that it has been probably stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a). Receiving is defined as "acquiring possession, control or title, or lending on the security of property." 18 Pa.C.S. § 3925(b).

Cole's claim hinges upon the argument that he did not know the jewelry belonged to Campbell. Brief for Cole at 14. Again, as in Cole's prior claims, there exists sufficient evidence to establish that Cole knew the jewelry belonged to Campbell. Therefore, when K.D. gave Campbell's jewelry to Cole, he intentionally received the jewelry knowing that it had been stolen. For these reasons, Cole's claim fails.

Cole next challenges whether Ovszulak's identification of him at trial was not reliable. *Id.* at 15. Cole frames this issue, however, as a challenge to the weight of the evidence. Pursuant to Pa.R.Crim.P. 607(A), Cole must

have raised this claim orally on the record at any time before sentencing; by written motion at any time before sentencing; or in a post-sentence motion in order to preserve a weight of the evidence claim. As stated above, Cole did not file a post-sentence motion, nor is there any other written or oral record claiming and preserving this issue. Accordingly, Cole's issue is waived.

In his final issue, Cole challenges whether the Commonwealth failed to prove beyond a reasonable doubt that the jewelry was worth $14,000.00. Brief for Cole at 17. Presumably, Cole raises this issue as a challenge to the sufficiency of the evidence for grading purposes regarding his convictions. However, this claim is unclear because Cole fails to formulate a cognizable legal argument regarding this issue within his brief.

The purpose of the rule on arguments in appellate briefs is to ensure that a brief serves its purpose, which is to permit appellate courts to address assignments on their merits. ***Commonwealth v. Franklin***, 823 A.2d 906, 910 (Pa. Super. 2003). The rules of appellate procedure require a brief to contain citation to authority and reference to the record as deemed pertinent. Pa.R.A.P. 2119(a). Additionally, an appellate brief containing argument that lacks discussion and citation of authorities, and is so procedurally defective that the Superior Court cannot reach the merits of the appellant's assignments, has the same result as filing no brief at all. ***Commonwealth v. McNear***, 852 A.2d 401, 407 (Pa. Super. 2004). The rules of appellate procedure state unequivocally that each question that an

- 10 -

appellant raises is to be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1262 (Pa. Super. 2014).

Here, Cole offers no citation to authority or reference to the record within his four sentences of argument regarding this issue. Further, Cole does not develop any argument in a substantial or meaningful way. Accordingly, Cole's issue is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015

- 11 -