J. S45018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVON JONES, | : | |
| Appellant | : | |
| | : | No. 1467 WDA 2015 |

Appeal from the Judgment of Sentence September 2, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000530-2015

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 30, 2016**

Appellant, Davon Jones, appeals from the Judgment of Sentence entered in the Erie County Court of Common Pleas on September 2, 2015, following his convictions for Aggravated Assault and Recklessly Endangering Another Person. Appellant challenges the sufficiency of the evidence for each of these offenses. After careful review, we conclude that Appellant waived this argument by failing to properly develop it in his Brief to this Court.

A detailed factual and procedural history is unnecessary to our disposition. For purposes of this Memorandum, we summarize the facts and

---

[*] Retired Senior Judge Assigned to the Superior Court.

procedural history as follows. During the early morning hours of Christmas Day, 2015, security footage from Juliet's—a strip club—captured Appellant and the victim, D'Angelo Troop ("Troop"), engage in a verbal dispute over a woman. The argument continued in the parking lot out front, where additional security cameras captured Troop leaving the scene in his vehicle, followed closely behind by Appellant. Troop drove a few blocks before his car was overtaken by Appellant's vehicle. Troop was shot five times in the chest, face, and neck.

While still in the hospital recovering from his injuries, Troop gave multiple statements identifying Appellant as the shooter, including a recorded statement to investigators in which Troop stated that he saw Appellant reach his hand out of the other vehicle and fire the shots that hit him. Troop also identified Appellant as the shooter in a photo array.

As trial approached, Troop became increasingly uncooperative with the prosecution. At trial, Troop denied seeing Appellant shoot him and claimed not to know who the shooter was. The Commonwealth introduced Troop's prior statements identifying Appellant as the shooter as substantive evidence in its case-in-chief.

On July 24, 2015, a jury found Appellant guilty of Aggravated Assault and Recklessly Endangering Another Person.[1] On September 2, 2015, the

---

[1] Appellant was charged with various additional offenses including, *inter alia*, Attempted Murder, Conspiracy, and firearms charges. The jury acquitted

trial court sentenced Appellant to a term of ten to twenty years of incarceration.

Appellant timely appealed. Both Appellant and the trial court satisfied the requirements of Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> The evidence in this case was insufficient to prove that [Appellant] had the *mens rea* to commit the crimes or that he actually committed the crimes.

Appellant's Brief at 2.

Before we reach the merits of the issue raised on appeal, we determine whether the issue was properly preserved and developed for review.

Our Pennsylvania Rules of Appellate Procedure and our case law lay out the well-established requirements for preserving a claim for appellate review. This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure, Pa.R.A.P. 2101-2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Karn v. Quick & Reilly Inc*, 912 A.2d 329, 336 (Pa. Super. 2006). Thus, issues raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section will

---

Appellant on some of these charges and was unable to reach a verdict on the remaining charges.

be deemed waived. *Harkins v. Calumet Realty Co.*, 614 A.2d 699, 703 (Pa. Super. 1992).

To properly develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations to pertinent authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citation omitted)). Where an Appellant's argument rests on evidence in the record, he must make appropriate citations to the record in his argument. *Commonwealth v. Franklin*, 823 A.2d 906, 910 (Pa. Super. 2003).

As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Hardy*, 918 A.2d at 771. Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.*

In the instant case, Appellant seemingly attempts to challenge both his identity as the shooter and, assuming he was the shooter, his mental state at the time of the offense. Questions of identity and mental state are distinct issues that Appellant should have properly divided into separate

argument sections. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued"). Instead, the argument section of Appellant's Brief to this Court is a wholly confusing amalgamation of *de minimis* boilerplate case law regarding *mens rea* and cursory discussion and analysis of the identity evidence presented at trial.

Appellant failed to develop his assertion that he lacked the necessary *mens rea* to commit the offense. At best, Appellant's brief makes a bald assertion that he lacked the *mens rea* to commit Aggravated Assault and Recklessly Endangering Another Person. While Appellant's Brief does lay out the elements of each offense, and cites case law regarding the necessary *mens rea*, Appellant does not in any way discuss the case law, apply the facts of his case to the case law cited, or discuss how those facts fail to make out the required mental states.

Instead, Appellant summarily avers that he lacked the required *mens rea* because he was not in any way involved in these crimes. This is an issue of identity, not mental state, and as such, Appellant was required to provide this Court with relevant authority and analysis regarding identity. And while Appellant does discuss the facts of his case in challenging his identity as the shooter, he does so without a single citation to relevant authority.

Appellant's failure to adhere to the rules of appellate procedure and to develop either claim prevents this Court from conducting a meaningful

appellate review. Therefore, we conclude Appellant has waived his issues. Accordingly, we affirm.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judges Olson and Platt both Concur in Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2016