J. A03036/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MVR, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EMEKA K. OGUEJIOFOR, | : | |
| | : | |
| Appellant | : | No. 430 MDA 2016 |

Appeal from the Order Entered February 19, 2016
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2014-2075

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JANUARY 04, 2017**

Appellant, Emeka K. Oguejiofor, appeals *pro se* from the Judgment entered in the Cumberland County Court of Common Pleas in favor of Appellee, MVR, LLC, following a non-jury trial. We dismiss this appeal.

The facts are not relevant to our disposition. Instantly, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005) (citations omitted).

Our Pennsylvania Rules of Appellate Procedure and our case law lay out the well-established requirements for preserving a claim for appellate review. This Court will address only those issues properly presented and

developed in an appellant's brief as required by our rules of appellate procedure, Pa.R.A.P. 2101-2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Karn v. Quick & Reilly Inc*, 912 A.2d 329, 336 (Pa. Super. 2006)*. **See also** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal). Thus, issues which are not developed in the brief's argument section will be deemed waived. *Harkins v. Calumet Realty Co.*, 614 A.2d 699, 703 (Pa. Super. 1992).

To properly develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations of pertinent authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)). Where an Appellant's argument rests on evidence in the record, he must make appropriate references to the record in his argument. *Commonwealth v. Franklin*, 823 A.2d 906, 910 (Pa. Super. 2003). An appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). As this Court has made

clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." **Hardy**, 918 A.2d at 771. Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Id.**

Appellant's Brief is woefully inadequate. It does not contain a statement of jurisdiction; a statement of the scope and standard of review; a statement of questions involved meeting the requirements of Pa.R.A.P. 2116; a summary of the argument; a copy of Appellant's Pa.R.A.P. 1925(b) Statement; the trial court's Order; or the trial court's Pa.R.A.P. 1925(a) Opinion. **See** Pa.R.A.P. 2111(a)(1), (3), (4), (6), (10), (11), and (b).

Most significantly, although Appellant's Brief contains a section titled "Argument," there is no substantive argument therein. **See** Appellant's Brief at 2-4. Instead, Appellant merely repeats the same bald allegations of error contained in his Pa.R.A.P. 1925(b) Statement, expanded to include additional allegations not raised in his 1925(b) Statement. In its five-page entirety, Appellant's Brief is devoid of a single reference to the record or citation of legal authority.

These substantial omissions preclude meaningful review. Accordingly, we suppress Appellant's Brief and dismiss his appeal. **See Adams**, **supra**; Pa.R.A.P. 2101.

Appeal dismissed.  Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/4/2017</u>