J-S50023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARREO MARQUIST TATE | : | |
| | : | |
| Appellant | : | No. 216 WDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003309-2016

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:               **FILED SEPTEMBER 30, 2019**

Marreo Marquist Tate (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we remand with instructions.

> [Appellant] was charged with Aggravated Assault, Recklessly Endangering Another Person, two counts of Terroristic Threats, Simple Assault, Intimidation of Witnesses or Victims, Disorderly Conduct, and Possessing Instruments of Crime.[FN1]  The charges arose on July 24, 2016, when [Appellant] and the victim, Javonna Moff[a]tt ("Moff[a]tt"), began engaging in a verbal altercation after Moffett arrived home from work and found [Appellant] in her home.  The verbal altercation escalated and [Appellant] poked and/or punched Moffatt in the face and threw her into a television console, breaking the television and console and causing Moffatt to fall against a coffee table.  Moffatt told police [Appellant] pointed a semi-automatic handgun at her head and threatened to shoot/kill her and her family if the police were contacted.

---

[*] Retired Senior Judge assigned to the Superior Court.

FN1 18 Pa.C.S.A. § 2701(a)(4); 18 Pa.C.S.A. § 2705; 2 counts 18 Pa.C.S.A. § 2706(a)(1); 18 Pa.C.S.A. § 2701(a)(3); 18 Pa.C.S.A. § 4952(a)(1); 18 Pa.C.S.A. § 5503(a)(4); 18 Pa.C.S.A. § 907(b), respectively.

After a jury trial on February 6th and 7th, 2017, [Appellant] was convicted of Count Three, Terroristic Threats; Count 5, Simple Assault; and Count 6 Intimidation of Witnesses or Victims. Counts One and Four, Aggravated Assault and Terroristic Threats, were withdrawn by the Commonwealth. Count 7, Intimidation of Witnesses or Victims, was dismissed by the Court and [Appellant] was acquitted of Counts 2 and 8, Recklessly Endangering Another Person and Possessing Instruments of Crime.

On March 31, 2017, [Appellant] was sentenced as follows:

> Count 3 – Terroristic Threats: 16 – 32 months of incarceration consecutive to Docket Number 2944 of 2015;
> Count 5 – Simple Assault: 12-24 months of incarceration consecutive to Count 3; and
> Count 6 – Intimidation of Witnesses or Victims – 24 months of probation consecutive to Count 5.

On April 10, 2017, a Post Sentence Motion was filed requesting the sentences be imposed concurrently rather than consecutively. Said Motion was denied. A direct appeal was not filed.

On October 27, 2017, [Appellant] timely filed a *pro se* Motion for Post Conviction Collateral Relief alleging ineffective assistance of trial counsel for failing to object to alleged prejudicial statements by the Commonwealth and failing to object to the imposition of an illegal sentence based on an incorrect prior record score. PCRA counsel was appointed and filed Supplemental Motions of Monarch 22, 2018 and August 6, 2018, reiterating [Appellant's] claims.

Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907, 12/17/18, at 1-2.

On December 17, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of

the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response to the court's notice, and on January 11, 2019, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal. Both the PCRA court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant states his issues as follows:

A. Whether the PCRA Court erred in failing to find that the appellant was afforded ineffective assistance of counsel to object to prejudicial questions posed by the Commonwealth in which it was directly conveyed to the jury that the appellant was known to lose his cool and that he was known to carry a gun?

B. Whether the sentence imposed was illegal in that the incorrect prior record score was applied?

Appellant's Brief at 2.

Upon review of Appellant's brief, we are constrained to find both of his issues waived for failure to comply with the Pennsylvania Rules of Appellate Procedure. Rule 2111(a)(8) of the Pennsylvania Rules of Appellate Procedure requires that every appellant's brief shall contain, *inter alia*, a distinct section setting forth its relevant legal arguments in support of its questions involved. Pa.R.A.P. 2111(a)(8). Rule 2119 further mandates:

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e) Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

Pa.R.A.P. 2119(a)-(e).

Our Supreme Court has stated:

The briefing requirements[,] scrupulously delineated in our appellate rules[,] are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review . . . may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates . . . is mandatory.

*Commonwealth v. Perez*, 93 A.3d 829, 837-38 (Pa. 2014).

Moreover, "while a person convicted of a crime is guaranteed the right to direct appeal under Article V, Section 9, of the Pennsylvania Constitution,

- 4 -

where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citations omitted). ***See also*** Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); ***see also Commonwealth v. Franklin***, 823 A.2d 906, 910 (Pa. Super. 2003) ("These rules ensure that a brief serves its purpose-to permit the appellate court to address the assignments on their merits.") (footnote omitted). Our Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of an appellant. ***Johnson***, 985 A.2d at 924.

Upon review of Appellant's brief, we note glaring errors and omissions that constitute clear violations of the Rules of Appellate Procedure, and more significantly, deprive us of a basis upon which to review Appellant's claims. ***Commonwealth v. Hakala***, 900 A.2d 404, 406 (Pa. Super. 2006). As delineated above, Appellant presents two questions for our review. ***See*** Appellant's Brief at 2. Appellant's argument section fails to provide support for **any** of his two issues raised, effectively divesting this Court of any meaningful basis for which to review his claims. Moreover, the argument section of his brief, which spans a cursory ½ page, fails to include citations to

legal authority and record citations. *See* Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority).

Our Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of an appellant. *Commonwealth v. Wright*, 961 A.2d 119, 135 (Pa. 2008); *see also Commonwealth v. Johnson*, 985 A.2d at 924 (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

In sum, Appellant's patently defective brief submitted to this Court deprives us of any meaningful basis for which to review any of Appellant's claims. We therefore conclude that **both** of Appellant's questions presented are waived.

Because all of Appellant's issues have been waived for purposes of our review, pursuant to *Commonwealth v. Rosado*, 150 A.3d 425 (Pa. 2016), we are constrained to hold that Appellant's counsel was *per se* ineffective by filing a wholly defective appellate brief. Our Supreme Court in *Rosado* explained:

> The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const.

amend. VI. The right to counsel is not a mere hollow formality satisfied by trial alongside a person who happens to be a lawyer, but, instead, is the right to the effective assistance of counsel.

Generally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice—i.e., that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different . . . However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted.

\* \* \*

[T]his Court has . . . held that **errors which *completely* foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se***, whereas those which only *partially* foreclose such review are subject to the ordinary [***Strickland v. Washington***, 104 S. Ct. 2052 (U.S. 1984)]/[***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987)] framework.

***Rosado***, 150 A.3d at 431-32, 438-39 (some citations and footnotes omitted, emphasis added).

The argument section of Appellant's brief is so inadequate that it has waived all claims on appeal, and therefore, "[C]ounsel has forfeited all meaningful appellate review." ***Rosado***, 150 A.3d at 440; ***see also Johnson***, 889 A.2d at 623. As evidenced by Counsel's waiver of both of Appellant's questions presented, Appellant was denied the assistance of counsel. Thus, Counsel was *per se* ineffective, and we remand the matter to the trial court for the appointment of new counsel to represent Appellant on appeal.

For the foregoing reasons, we remand Appellant's case to the trial court. Upon remand, we direct the trial court to withhold compensation from counsel for his appointment and representation in this matter. The trial court is directed to appoint competent appellate counsel within fifteen days of the date of this memorandum. Following his or her appointment, new counsel shall undertake all appropriate measures, including, if deemed necessary, the filing of a cogent appellate brief on behalf of Appellant.

Case remanded with instructions. Panel jurisdiction retained.