J-A24023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS ANGEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 271 MDA 2025 |

Appeal from the PCRA Order Entered January 29, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005327-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS ANGEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 272 MDA 2025 |

Appeal from the PCRA Order Entered January 29, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005328-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.: **FILED: NOVEMBER 13, 2025**

Appellant, Luis Angel Martinez, appeals from the January 29, 2025 order of the Berks County Court of Common Pleas denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA") in these consolidated cases.[1] Appellant argues that the court erred in denying relief on his claim that his

---

[1] 42 Pa.C.S. §§ 9541-46.

counsel was *per* se ineffective in filing an insufficient brief on direct appeal which resulted in waiver of an issue. After careful review, we affirm.

The instant appeal arises from Appellant's convictions of sexual offenses against two children.[2] The factual details of the crimes are not relevant to the issues on appeal. The relevant procedural history is as follows.

On July 12, 2021, the trial court granted Appellant's request for a mistrial after a police investigator testified on cross-examination that Appellant refused the investigator's attempts to interview him.

On March 23, 2022, a jury found Appellant guilty of all charges. On August 18, 2022, the court sentenced Appellant to an aggregate term of 22 to 48 years of incarceration and found Appellant to be a sexually violent predator.

Following the appointment of appellate counsel, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Martinez,** 305 A.3d 973 (Pa. Super. 2023) (unpublished decision). Relevantly, while we rejected Appellant's discretionary aspects of sentencing claim on the merits, we concluded that Appellant waived his double jeopardy claim because he "set[] forth no argument or explanation . . . as to how he is entitled to relief." **Id.** at *6. As we affirmed the judgment of sentence on September 8, 2023,

---

[2] Specifically, a jury convicted Appellant of Indecent Assault and Corruption of Minors at Docket Number 5327 of 2019 and with two counts each of Aggravated Indecent Assault of a Child and Indecent Assault, and one count of Corruption of Minors at Docket Number 5328 of 2019. As with all relevant proceedings in this matter, this Court consolidated the instant appeals.

Appellant's sentence became final on October 8, 2023, when he did not seek allowance of appeal in the Supreme Court.

On October 1, 2024, Appellant filed a counseled PCRA petition. Appellant asserted that direct appeal counsel provided ineffective assistance of counsel in insufficiently briefing his double jeopardy claim. After hearing argument on December 19, 2024, the PCRA court denied Appellant's petition on January 29, 2025.

On February 26, 2025, Appellant filed a notice of appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925, with the court relying upon its Findings of Fact and Conclusions of Law filed on January 29, 2025.[3]

Appellant raises the following questions on appeal:

1. Did the lower court err when it found that Appellant's Post Conviction Relief Petition (PCRA) was not timely filed?

2. Did the lower court err when it failed to find that Appellant's counsel was ineffective in failing to brief and argue the issue of double jeopardy which thereby rendered said issue waived on direct appeal as the Superior Court of Pennsylvania so found in its [o]pinion [f]iled September 8, 2023?

Appellant's Br. at 7.

This Court reviews the dismissal of a PCRA petition to determine whether the record supports the court's determination and whether its order is otherwise free of legal error. *See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). While we grant great deference to the PCRA court's findings

---

[3] We reference the January 29, 2025 Findings of Fact and Conclusions of Law as the "PCRA Ct. Op."

of fact if supported by the record, we review the court's legal conclusions *de novo.* ***See Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017); ***Commonwealth v. Sandusky***, 324 A.3d 551, 564 (Pa. Super. 2024). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." ***Sandusky***, 324 A.3d at 564 (citation omitted).

Before addressing the merits of Appellant's claim, we reiterate that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted). A petition is timely when "filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of three timeliness exceptions. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in . . . the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3).

In his first issue, Appellant claims that PCRA court erred in concluding that his petition was untimely. Appellant's Br. at 11-12. We agree with Appellant that the court erred in calculating the timeliness of Appellant's petition by utilizing September 8, 2023, the date of this Court's decision on direct appeal, as the date the judgment became final. PCRA Ct. Op. at 4. Rather, the correct date from which to calculate timeliness was the expiration

date for seeking review in the Pennsylvania Supreme Court, 30 days after this Court's decision. Pa.R.A.P. 1113(a). Thus, Appellant timely filed his petition on October 1, 2024, within one year of when judgment became final on October 8, 2023.

Accordingly, we address the merits of Appellant's PCRA petition.[4] A petitioner may obtain relief under the PCRA if they "plead and prove by a preponderance of the evidence" that "the conviction or sentence resulted from [*inter alia*] [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

To succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). As we presume counsel provided effective representation, Appellant bears the burden of proving all three prongs, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

---

[4] While the PCRA court erroneously found the petition untimely, it addressed the merits of Appellant's petition "in an abundance of caution." PCRA Ct. Op. at 4.

Regarding the prejudice prong, courts will presume prejudice "in certain limited circumstances, including the actual or constructive denial of counsel[.]" **Commonwealth v. Rosado**, 150 A.3d 425, 429 (Pa. 2016). To prevent "the exceptional doctrine of ineffective assistance of counsel *per se* from engulfing the general rule" requiring proof of prejudice, courts have "maintained [a] distinction between errors causing waiver of *all* claims and those failing to preserve particular claims[,]" with only the former resulting in *per se* prejudice. **Id.** at 431-32 (emphasis in original).

Appellant claims that direct appeal counsel's failure to submit an adequate brief "constituted ineffective assistance of counsel *per se*" relying upon **Commonwealth v. Franklin**, 823 A.2d 906 (Pa. Super. 2003) and **Commonwealth v. Fink**, 24 A.3d 426 (Pa. Super. 2011). Appellant's Br. at 10. Appellant seeks reinstatement of his direct appeal rights *nunc pro tunc*. **Id.** at 12-16.

As discussed below, we conclude that **Franklin** and **Fink** are distinguishable from Appellant's case, based upon the above-stated "distinction between errors causing waiver of *all* claims and those failing to preserve particular claims." **Rosado**, 150 A.3d at 431 (emphasis in original). In **Franklin**, this Court reinstated Franklin's direct appeal rights after concluding that Franklin's direct appeal counsel provided *per se* ineffective assistance of counsel by filing a brief "so flawed as to force [this Court] to suppress it and quash the appeal," thus depriving him of his direct appeal. **Franklin**, 823 A.2d at 910. Notably, this Court quashed the entire appeal in

*Franklin*, rather than finding one issue waived and addressing the merits of a second issue, as in the instant case.

Similarly, in *Fink*, this Court again found *per se* ineffective assistance of direct appeal counsel where counsel's inadequate briefing resulted in the waiver of the only issue raised on appeal.[5]  *Fink*, 24 A.3d at 433-34.  We reiterated that "only those omissions of counsel on appeal that completely foreclose appellate review offer a basis for a presumption of prejudice on a subsequent [ineffective assistance of counsel] claim."  *Id.* at 432.  Thus, *Fink* does not control Appellant's case because he received merits review of his discretionary aspects of sentencing claim.  Accordingly, we agree with the PCRA court that Appellant fails to establish ineffectiveness *per se*.  PCRA Ct. Op. at 7.

Appellant relies entirely on his claim of *per se* ineffectiveness and does not argue the three prongs of ineffective assistance of counsel.[6]  Accordingly,

---

[5] In *Fink*, we rejected the Commonwealth's argument that there was a distinction, for purposes of *per se* ineffectiveness, based on whether this Court disposed of the case by affirming the judgment of sentence rather than quashing the appeal.  We found a distinction "without a difference" as both cases resulted in *per se* ineffectiveness where the inadequate briefs prevented any review on the merits.  *Id.* at 433-34.

[6] Appellant presents the following very brief statement regarding arguable merit: "Obviously[,] appellate counsel's choice to raise the issue of double jeopardy on appeal had merit otherwise he would not have raised it." Appellant's Br. at 15.  This circular argument fails to establish arguable merit, nor does it refute the trial court's conclusion on direct appeal that Appellant's case did not trigger double jeopardy protections as there was "no suggestion that the mistrial request was the result of prosecutorial or judicial overreach"
*(Footnote Continued Next Page)*

we conclude that Appellant's claim fails and affirm the PCRA court's denial of Appellant's first PCRA petition.

Order affirmed.

Judgment Entered.

signature

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2025

_____

as would be required to bar retrial. Trial Ct. Op, 2/3/23, at 18; **see Commonwealth v. Johnson**, 231 A.3d 807, 819 (Pa. 2020) (addressing the application of double jeopardy protections under Pennsylvania Constitution).