J-S30025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES E. LUCAS | |
| Appellant | No. 1659 WDA 2017 |

Appeal from the PCRA Order entered October 18, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000053-2006

BEFORE:  BENDER, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    FILED AUGUST 21, 2018

Appellant Charles E. Lucas appeals from the October 18, 2017 order of the Court of Common Pleas of Jefferson County, which denied his request for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-56.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by a prior panel of this Court on direct appeal:

> On February 15, 2006, Appellant pled guilty to four counts of burglary [(18 Pa.C.S.A. § 3502(a))] for incidents involving four different victims.  [Count 1 was graded as a first-degree felony; counts 2, 3, and 4 were graded as second-degree felonies.] Thereafter, on July 10, 2006, Appellant was sentenced to 6 to 12 months' imprisonment for the first-degree felony burglary count, and three concurrent sentences of [9] years' probation on each of the second-degree burglary counts.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On February 20, 2008, following new charges in Clarion County, Appellant's probation was revoked on the three second-degree felony burglary charges and Appellant was resentenced to an aggregate of [1] to [2] years' incarceration, followed by [5] years' probation. On February 3, 2015, Jefferson County probation and parole filed a detainer based on information that Appellant was again in violation of his probation/parole. A Gagnon I [FN1] hearing was held on February 17, 2015, at which the trial court ordered Appellant remain incarcerated pending the outcome of the new charges on the two counts of misdemeanor theft in Clarion County.

On June 17, 2015, a Gagnon II hearing was held and the trial court took judicial notice of Appellant's guilty plea to the Clarion County charges. On July 1, 2015, the trial court revoked Appellant's probation on all three second-degree felony charges, and resentenced Appellant to three consecutive sentences of [5] to [10] years' imprisonment, for an aggregate sentence of 15 to 30 years' imprisonment. On July 6, 2015, Appellant made a motion for credit for time served, and on July 13, 2015, the trial court amended its July 1, 2015 order to reflect Appellant's credit for 887 days of time served. [Said order was amended a second time on September 1, 2015 to reflect the amount of time served as 890 days, not 887 days. The order stated that "[a]ll other terms and conditions of t[he trial c]ourt's Order of July 13, 2015, shall remain in full forced [sic] and effect." Trial Court Order, 9/1/15.] On July 15, 2015, Appellant filed a motion to reconsider his sentence asserting the trial court's sentence was excessive. The trial court denied Appellant's motion the same day. On July 30, 2015, Appellant filed a timely notice of appeal.

Commonwealth v. Lucas, No. 1254 WDA 2015, unpublished memorandum, at 1-3 (Pa. Super. Filed June 2, 2016) (some footnotes omitted).

On appeal, Appellant raised a single issue: "Whether the trial court abused its discretion when it revoked Appellant's probation and re-sentenced him to serve a sentence of incarceration in the State Correctional Institution aggregating to a minimum of fifteen (15) years to a maximum of thirty (30) years for [his] violations of probation/parole." Id. at 3 (citation omitted). In support of his sentencing claim, Appellant asserted in his Pa.R.A.P. 2119(f)

_____

[1] Gagnon v. Scarpelli, 411 U.S. 778 (1973) (setting forth the procedural requirements for probation and parole revocations).

statement that "the sentence was manifestly unreasonable in that it was excessive and constitutes too severe a punishment under the circumstances of the case and the probation violation, and that the [trial c]ourt's reasons for the sentence did not justify the severity." Id. at 5 (citation omitted).

The prior panel of this Court concluded, based on its review of Appellant's Rule 2119(f) statement, that he failed to present a substantial question. Id. at 6. The panel reasoned that Appellant presented only a bald assertion that his sentence was excessive and that such assertion did not raise a substantial question. Id. (citation omitted). The panel also noted that even if Appellant had raised a substantial question, he still would not have been entitled to relief. Id. at 6 n.5. Appellant failed to develop an argument or cite any legal authority in support of his contention that his probation revocation sentence should have been based on the severity of any new convictions, rather than the severity of the convictions underlying the revoked sentences. Id. (citations omitted). Accordingly, on June 2, 2016, the prior panel affirmed Appellant's judgment of sentence.

Appellant did not file a petition for allowance of appeal with our Supreme Court. On June 1, 2017, Appellant pro se filed a PCRA petition, asserting claims for ineffective assistance of counsel. The PCRA court appointed counsel, who filed an amended PCRA petition, wherein he specifically challenged the effectiveness of Appellant's direct appeal counsel and sought reinstatement of Appellant's direct appeal rights nunc pro tunc to re-assert his challenge to the discretionary aspects of sentence. Following an evidentiary

hearing, the PCRA court denied Appellant's PCRA petition on October 18, 2017.

Appellant appealed to this Court. The PCRA court directed Appellant to file a

Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant

complied, raising the following issue:

> [I.] The [PCRA] court erred in denying [Appellant's PCRA] petition. The [PCRA] court erred in failing to reinstate [Appellant's] direct appeal rights nunc pro tunc where his prior counsel failed to take the necessary steps in briefing [Appellant's] case to [this Court] to ensure that [this Court], at docket No. 1254 WDA 2015, would consider the one argument [Appellant] sought to advance on appeal, i.e., counsel failed to present a reviewable claim and failed to develop an argument or cite to any authority in his appellate brief. That one argument being the trial court abused its discretion when it revoked [Appellant's] probation and re-sentenced him to serve an aggregate sentence of incarceration of fifteen (15) to thirty (30) years.

Rule 1925(b) Statement, 11/17/17. In response, the PCRA court issued a

Pa.R.A.P. 1925(a) opinion, adopting its October 18, 2017 opinion supporting

the denial of Appellant's PCRA petition.

On appeal,[2] Appellant repeats the same issue for our review.[3] At the

core, Appellant claims that his direct appeal counsel was ineffective for failing

---

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." Commonwealth v. Pitts, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

[3] Appellant has waived his argument in reliance upon Commonwealth v. Franklin, 823 A.2d 906 (Pa. Super. 2003), appeal denied, 858 A.2d 108 (Pa. 2004), that his direct appeal counsel was per se ineffective, because Appellant failed to advance it in the PCRA court. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

to advance properly the argument that his sentence of 15 to 30 years' imprisonment was excessive given the nature of the new offenses (two counts of misdemeanor theft) based on which his underlying probation was revoked.[4] Appellant's Brief at 14.

Thus, Appellant's sole claim before us involves ineffective assistance of counsel. A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 780 (Pa. Super. 2015) (en banc). "A petitioner must prove all three factors of the "Pierce[5] test," or the claim fails." Id. Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." Commonwealth v. Chmiel, 889 A.2d 501, 540 (Pa. 2005).

We begin with our analysis of the first prong, i.e., arguable merit. It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." Commonwealth v. Dunphy, 20 A.3d 1215, 1220 (Pa. Super.

---

[4] Appellant does not contest that he directly violated the terms of his probation or that a sentence of total confinement is inappropriate.

[5] Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987).

2011).  Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered as a petition for allowance of appeal.  Commonwealth v. W.H.M., 932 A.2d 155, 162 (Pa. Super. 2007).  As we stated in Commonwealth v. Moury, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708];[6] (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Id. at 170 (citing Commonwealth v. Evans, 901 A.2d 528 (Pa. Super. 2006)).  "Where the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'"  Moury, 992 A.2d at 171.  While it is uncontested that Appellant satisfied the first three requirements on his direct appeal, we assume for purposes of this PCRA appeal that he likewise raises a substantial question in satisfaction of the fourth requirement.

---

[6] "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition.  The filing of a motion to modify sentence will not toll the 30-day appeal period."  Pa.R.Crim.P. 708(E).

When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

Commonwealth v. Bowen, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting Commonwealth v. Cunningham, 805 A.2d 566, 575 (Pa. Super. 2002)), appeal denied, 64 A.3d 630 (Pa. 2013); see Commonwealth v. Simmons, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (noting that the imposition of sentence following a revocation is vested within the sound discretion of the trial court), aff'd, 91 A.3d 102 (Pa. 2014). Moreover, it is settled that when a defendant's sentence of probation is revoked, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Following revocation of probation, a trial court may impose upon a defendant a sentence of total confinement only if:

(1) The defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the

statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." Commonwealth v. Crump, 995 A.2d 1280, 1283 (Pa. Super. 2010), appeal denied, 13 A.3d 475 (Pa. 2010). Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings. See Commonwealth v. Walls, 926 A.2d 957, 967 n.7 (Pa. 2007) ("Where [PSI] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Our Supreme Court has explained:

> [A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

Commonwealth v. Pasture, 107 A.3d 21, 28-29 (Pa. 2014) (citations omitted). Moreover, the Sentencing Guidelines do not apply to sentences

imposed following a revocation of probation. See Commonwealth v. Ferguson, 893 A.2d 735 (Pa. Super. 2006), appeal denied, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."[7] Commonwealth v. Coolbaugh, 770 A.2d 788, 792 (Pa. Super. 2001).

Instantly, the learned trial court remarked at the July 1, 2015 hearing:

> Well, I reviewed the presentence [investigation report]. I reviewed it several times, considered your age, your background, and your prior record and everything contained in the presentence and everything necessary for sentencing. The reason I reviewed it several times was that [Mr. Paul Ruffner, Adult and Probation Department, is] not known for recommending, actually, the sentence consecutive. So most important to note in his presentence is the other significant information; and it shows not only as it did in the other part of the case that you maxed out the last time you were sentenced to state prison but you used drugs fairly heavily in the state prison, that you were abusing Suboxone, that you refused to take advantage of drug and alcohol inpatient and that you have 11 felony convictions. You've been in drug court. You've been offered boot camp before and never taken those significant steps and continued to commit crimes against people to satisfy your drug habit. So the fact you committed new charges calls for a sentence of total incarceration. The fact that you have all of those other significant information just to vindicate the authority of the Court and the fact that it shows you're not a likely candidate to be rehabilitated, I think the recommendation is appropriate on its face. I am going to accept it. At each count, 2 through 4, I'm going to revoke your probation and sentence you to no less than 5 nor more than 10 years one consecutive to the other and consecutive to Clarion County, for a total of 15 to 30 years consecutive to the Clarion County sentence.

N.T. Sentencing, 7/1/15, at 2-4 (sic).

_____

[7] Appellant's sentence of 15 to 30 months' imprisonment for three counts of second-degree felony burglary does not fall outside of the statutory maximum. See 18 Pa.C.S.A. § 1103(2) (sentence for a second-degree felony may not exceed 10 years); see also 18 Pa.C.S.A. § 106(b)(3).

Here, based upon our review of the record, the trial court's findings as set forth above, and our standard of review, we conclude that the trial court did not abuse its discretion in sentencing Appellant to 15 to 30 years' imprisonment following the revocation of his probation. The new sentence of 15 to 30 years was not manifestly excessive. The trial court initially sentenced Appellant to 9 years' probation for his three underlying second-degree felony burglary convictions, each of which carries a statutory maximum sentence of 10 years' imprisonment. However, as detailed above, despite countless opportunities by the trial court for Appellant to remain on probation, he continued to violate repeatedly the terms of his probation. As a result, we agree with the trial court that the instant sentence of 15 to 30 years is appropriate and necessary to, inter alia, vindicate the authority of the trial court consistent with Section 9771(c). Finally, the trial court here had at its disposal Appellant's PSI and was aware fully of all circumstances, whether aggravating or mitigating, pertaining to Appellant.[8] We, therefore, conclude that Appellant is unable to establish the first Pierce prong, i.e., arguable

_____

[8] Appellant's argument that the trial court should have based the sentence of 15 to 30 years in prison following the revocation of probation on the severity of the new convictions (two counts of theft) rather than the three underlying second-degree felony burglary convictions is waived. Appellant fails to cite any meaningful legal authority for this proposition. See Pa.R.A.P. 2119(a)-(b). At any rate, as explained above, the trial court considered not only the new convictions, but also Appellant's general history of felony convictions since at least 2006, repeated probation violations, and drug abuse, among other things, in fashioning the sentence of 15 to 30 years' incarceration.

merit. Accordingly, the PCRA court did not err in concluding that Appellant failed to establish that his direct appeal counsel was ineffective.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2018