J. S66034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MONTRELL GAINEY, | : | No. 751 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered January 16, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0014125-2011

BEFORE:  STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED JULY 17, 2020**

Montrell Gainey appeals from the January 16, 2019 order entered by the Court of Common Pleas of Philadelphia County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the following factual history:

> On May 11, 2011, [appellant] shot at two young men in broad daylight, killing Lamar Spencer and wounding Tracy Capers.  The victims were talking outside of a store where Spencer worked when [appellant] and his friend, Roger Washington, approached them. [Appellant] drew a .45-caliber handgun and fired 10 shots in the direction of the victims.  [Appellant] wounded Capers by shooting him three times in the leg and killed Spencer by shooting him once in the back.  Another employee inside the store called 9-1-1.
>
> This incident stemmed from an ongoing feud between rival housing projects located at 10th and Brown

Streets and at 7th and Green Streets. [Appellant] and Washington lived at 10th and Brown.[1] Capers was originally from West Philadelphia, never lived in either development, but was friends with people from 7th and Green. Spencer did not live in either development and no connection was found between him and either development.

A bench warrant was obtained for Roger Washington to testify at trial, but the Commonwealth was unable to locate or secure his presence for trial.

On March 12, 2014, the jury sitting before the [the trial court] found [appellant] guilty of first degree murder, attempted murder, aggravated assault, possession of an instrument of crime ("PIC"), and carrying a firearm without a license. ("VUFA § 6106").[2] [The trial court] sentenced [appellant] the same day to life [imprisonment] without the possibility of parole on the charge of murder in the first degree and no further penalty on the remaining charges.

PCRA court opinion, 4/25/19 at 2 (citation to the record and extraneous capitalization omitted).

Appellant filed a notice of appeal and this court affirmed his judgment of sentence on November 30, 2015. *Commonwealth v. Gainey*, 134 A.3d 505, 2015 WL 7901174 (Pa.Super. filed Nov. 30, 2015) (unpublished memorandum). On February 3, 2016, appellant filed a PCRA petition seeking

---

[1] The housing project located at 10th and Brown Streets was known as the Richard Allen Homes ("Richard Allen"); and the housing project located at 7th and Green Streets was known as Penn Town. (Notes of testimony, 3/6/14 at 11-13.)

[2] 18 Pa.C.S.A. §§ 2502(a), 901(a), 2702(a), 907(a), and 6106(a)(1), respectively.

to have his right to file a petition for allowance of appeal with our supreme court restored *nunc pro tunc*. The PCRA court granted appellant's petition on April 18, 2016, and appellant filed a petition for allowance of appeal with our supreme court on May 16, 2016. Our supreme court denied appellant's petition on September 19, 2016. *Commonwealth v. Gainey*, 158 A.3d 68 (Pa. 2016). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States. For the purposes of collateral review, appellant's judgment of sentence became final on December 15, 2016. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. Rule 13.

Appellant filed the instant timely, counseled PCRA petition on December 9, 2017.[3] On December 14, 2018, the PCRA court entered a notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response on January 3, 2019. On January 16, 2019, the PCRA court dismissed appellant's PCRA petition without a hearing.

Appellant filed a timely notice of appeal on February 11, 2019. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Pursuant to Pa.R.A.P. 1925(a), the PCRA court filed an opinion.

---

[3] When a petitioner files a petition for collateral review following the restoration of his direct appellate rights *nunc pro tunc*, the subsequent PCRA petition is considered his first petition for timeliness purposes. *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa.Super. 2014) (citations omitted).

Appellant raises the following issues for our review:

I. Did the PCRA court err in dismissing without a hearing [appellant's] claim that counsel rendered ineffective assistance by failing to interpose continuing objections to the pervasive references by the Commonwealth to a prior, unrelated killing and ensuing violence between two rival neighborhood factions, by failing to object to hearsay in that connection, and by failing to prosecute an effective appeal of this issue?

II. Did the PCRA court err in dismissing without a hearing [appellant's] claim that counsel rendered ineffective assistance for failing to object or to preserve objection to the Commonwealth's references to its anxiety to produce Roger Washington as a witness?

III. Did the PCRA court err in dismissing without a hearing [appellant's] claim that counsel rendered ineffective assistance for failure to object to the insufficient remedy given by the trial court for the Commonwealth's failure to make pretrial discovery of witness Depaul Babbs' prior failure to identify [appellant]?

IV. Did the PCRA Court err in dismissing without a hearing [appellant's] claim that he is entitled to relief based upon the cumulative prejudice from Issues I, II and III?

V. Did the PCRA court err in dismissing without a hearing [appellant's] claim that his sentence of life without parole is in violation of the United States Supreme Court's rulings in ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016)?

Appellant's brief at 3-4.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Dennis***, [] 17 A.3d 297, 301 ([Pa.] 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Id.***, at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.[A.] § 9543(a)(2); (2) his claims have not been previously litigated or waived, ***id.***, § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[,]" ***id.***, § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" ***Id.***, § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." ***Id.***, § 9544(b).

***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015).

In his first three issues, appellant alleges ineffective assistance on the part of his trial counsel. Under the PCRA, an individual is eligible for post-conviction relief if the conviction was the result of "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). When

considering whether counsel was ineffective, we are governed by the following standard:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668 [] (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, [] 527 A.2d 973, 975 ([Pa.] 1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, [] 54 A.3d 35, 45 ([Pa.] 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [***Pierce***] test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015), ***order vacated on other grounds***, 166 A.3d 1213 (Pa. 2017). ***See also Commonwealth v. Rivera***, 816 A.2d 282, 292 (Pa.Super. 2003), quoting ***Commonwealth v. Pursell***, 724 A.2d 293, 304 (Pa. 1999) (holding counsel cannot be held ineffective for failing to raise meritless objection).

**I.**

In his first issue, appellant claims ineffectiveness on the part of his trial counsel, Jack McMahon, Esq.,[4] because Attorney McMahon failed to render continuing objections to "the pervasive references by the Commonwealth to a prior, unrelated killing and ensuing violence between two rival neighborhood factions, by failing to object to hearsay in that connection, and by failing to prosecute an effective appeal of this issue." (Appellant's brief at 20 (full capitalization omitted).) The PCRA court set forth the following with regard to appellant's first issue:

> [The trial court] ruled on a motion *in limine* that the Commonwealth "could say [appellant] lived in the neighborhood. That people had been killed in the neighborhood and so on." The [trial court] continued that the Commonwealth "could certainly say that people in the neighborhood may have known about Wayne [sic] [Ballard's] murder." The [trial court] limited the Commonwealth by prohibiting it from attributing Ballard's murder to [appellant]. In opening statements, the Commonwealth referred to the feud between [Richard Allen and Penn Town] and described it as "senseless violence." It also suggested Capers was involved in the violence and that [appellant] "came looking for [Capers]" and tried to kill him.

PCRA court opinion, 4/25/19 at 8 (citations to the record omitted; some brackets in original).

First, appellant specifically contends that Attorney McMahon rendered ineffective assistance because he raised a "belated objection" to the

---

[4] Attorney McMahon also represented appellant on direct appeal.

Commonwealth's opening statement. (Appellant's brief at 27.) Second, appellant argues that Attorney McMahon was ineffective for failing to "adequately renew his objection to the [Commonwealth's] ongoing use of irrelevant and inflammatory evidence[.]" (*Id.*) Third, appellant avers that Attorney McMahon rendered ineffective assistance by failing to object to hearsay testimony pertaining to violence between gangs associated with Richard Allen and Penn Town. (*Id.* at 39-40.) Finally, appellant brings a layered ineffective assistance claim, as he alleges that Attorney McMahon "failed to make reasonable use of the portions of the record available to him in support of his chosen issue, a failure which almost certainly resulted in [the Superior Court's] failing to consider the full extent of the Commonwealth's objectionable argument." (*Id.* at 48 (citations omitted).) We shall address each of these allegations separately.

**Belated objection to the Commonwealth's opening statement**

Appellant first contends that Attorney McMahon provided ineffective assistance due to his failure to make a timely objection to the Commonwealth's opening statement to the jury. (*Id.* at 26-27.) This issue is without arguable merit.

Indeed, as noted by appellant, this issue was addressed by a previous panel of this court on direct appeal.[5] Therein, appellant claimed that the trial court erred when it denied his motion precluding the Commonwealth from making certain statements during its opening statement pertaining to an ongoing feud between factions at Richard Allen and Penn Town. *Gainey*, 2015 WL 7901174 at *1. This court discerned no abuse of discretion of the trial court's findings that "evidence of hostilities in the neighborhood would be admissible as part of the history and natural development of the instant murder[,]" and determined that the trial court did not err when it denied appellant's motion. *Id.* at *6 (internal quotation marks omitted).

"The purpose of an opening statement is to apprise the jury how the case will develop, its background and what will be attempted to be proved; but it is not evidence." *Commonwealth v. Parker*, 919 A.2d 943, 950 (Pa. 2007) (citation omitted). Our supreme court recognized that a prosecutor is afforded reasonable latitude when delivering his or her opening statement. *Id.*, citing *Commonwealth v. Jones*, 610 A.2d 931, 938 (Pa. 1992). A prosecutor's latitude is limited, however, as his or her opening statement "must be based on evidence that he plans to introduce at trial, and must not

---

[5] We note that previously litigated issues are not cognizable for PCRA review. *Commonwealth v. Jones*, 932 A.2d 179, 181 (Pa.Super. 2007), citing 42 Pa.C.S.A. § 9543(a)(3). In the context of an allegation of ineffective assistance of counsel, however, a claim distinct from the underlying issue is being raised; therefore, the issue is cognizable for collateral review. *Commonwealth v. Wholaver*, 177 A.3d 136, 147 (Pa. 2018) (citations omitted).

include mere assertions designed to inflame the jury's emotions. A prosecutor's opening statements may refer to facts that he reasonably believes will be established at trial." ***Parker***, 919 A.2d at 950, citing ***Commonwealth v. Begley***, 780 A.2d 605, 626 (Pa. 2001) (internal quotation marks, citation omitted).

In this case, as noted above, this court on direct appeal discerned no abuse of discretion of the trial court's findings that "evidence of hostilities in the neighborhood would be admissible as part of the history and natural development of the instant murder." ***Gainey***, 2015 WL 7901174 at *6. Accordingly, the Commonwealth's opening statement was based on evidence it planned to introduce at trial, rather than mere assertions of a feud between two neighborhoods as a way to inflame the jury's emotions. ***See Parker***, 919 A.2d at 950, citing ***Begley***, 780 A.2d at 626. Therefore, Attorney McMahon could not raise a meritorious objection to the Commonwealth's opening statement and, thus, cannot be found to be ineffective. ***Rivera***, 816 A.2d at 292. Appellant's claim that Attorney McMahon rendered ineffective assistance due to a "belated objection" to the Commonwealth's opening statement is without arguable merit.

**Failure to renew objection**

Appellant next contends that Attorney McMahon rendered ineffective assistance because he failed to "adequately renew his objection to the [Commonwealth's] ongoing use of irrelevant and inflammatory evidence"

pertaining to the feud between factions at Richard Allen and Penn Town. (Appellant's brief at 27.) Specifically, appellant argues as follows:

> The failure to register a consistent, continuing objection to the [Commonwealth's] many references to group warfare between residents of Richard Allen and Penn Town was highly ineffective. Not only was much of [the] testimony hearsay, loosely attributed to what was known on the street, but its slight probative value with respect to witness credibility was greatly outweighed by its inflammatory potential and the likelihood that the jury was diverted from its appropriate focus, that is, the shooting of Lamar Spencer and Tracy Capers.

*Id.* at 32. Appellant further argues that the Commonwealth "was not permitted to argue that [appellant] had a motive related to the Dwayne Ballard killing unless it had 'some direct proof of that.'" (*Id.* at 34, citing notes of testimony, 3/5/14 at 173-174; R.R. at 53a.)

Appellant's claim lacks arguable merit. Indeed, as noted above, a previous panel of this court held that the trial court did not err when it concluded that "evidence of hostilities in the neighborhood would be admissible as part of the history and natural development of the instant murder." *Gainey*, 2015 WL 7901174 at *6 (internal quotation marks omitted). Accordingly, Attorney McMahon cannot be found ineffective for failing to raise meritless objections. *See Rivera*, 816 A.2d at 292. Therefore, appellant is not entitled to relief.

**Ineffective assistance of counsel on direct appeal**

Finally, appellant contends that Attorney McMahon rendered ineffective assistance of counsel on direct appeal as it pertains to the Commonwealth's opening statement. Specifically, appellant contends that Attorney McMahon's framing of this issue on direct appeal was "in a manner calculated to ensure that the argument was not taken seriously." (Appellant's brief at 46.) Appellant further argues that Attorney McMahon failed to "put forth a competent argument with some chance of persuading an appellate panel." (*Id.* at 47-48.)

In support of his argument, appellant cites ***Commonwealth v. Franklin***, 823 A.2d 906, 910 (Pa.Super. 2003). ***Franklin*** is readily distinguishable from the instant case. The ***Franklin*** court specifically stated that counsel's brief on the underlying appeal was so procedurally defective that the previous panel could not reach the merits of the issues on appeal. *Id.* at 909. This court found that the defendant was deprived of effective assistance of counsel on direct appeal and vacated the PCRA court's dismissal of the defendant's PCRA petition. *Id.* at 910-911.

Here, while Attorney McMahon's analysis on the opening statement issue may have been limited, this court did not indicate that his analysis was so defective as to preclude the panel from reaching a decision. ***See Gainey***, 2015 WL 7901174 at *5-6 (restating appellant's argument verbatim). To the contrary, this court reached a decision on the merits. Accordingly, appellant's

- 12 -

issue as it pertains to his claim that Attorney McMahon rendered ineffective assistance on direct appeal is without arguable merit.

## II.

In his second issue, appellant argues that Attorney McMahon was ineffective for failing to object to the Commonwealth's references to "its anxiety to produce Roger Washington as a witness." (Appellant's brief at 49 (full capitalization omitted).) As part of his second issue, appellant raises two interrelated issues. First, appellant addresses Philadelphia Police Detective Micah Spotwood's testimony pertaining to Washington's June 13, 2011 statement to the police and his efforts to locate Washington to have him testify at trial. Second, appellant addresses the Commonwealth's references to Washington during its closing argument.

**Detective Spotwood's Testimony**

Appellant contends that Washington's statement to the police on June 13, 2011 "was rank hearsay and inadmissible under ***Crawford v. Washington***, 541 U.S. 36 (2004)." (Appellant's brief at 49.) Appellant, however, does not frame his argument as a violation of ***Crawford***; rather, he argues "that the manner in which the testimony was admitted and argued improperly presented to the jury an inference as to the contents of what Washington's testimony would have been, and the persons responsible for his absence." (***Id.*** at 52.) In furtherance of his argument, appellant contends that any evidence relating to Washington should have been excluded under

Pa.R.E. 403 "for unfair prejudice, confusion of the issues or misleading of the jury." (*Id.* at 51-52.) Specifically, appellant argues that:

> [t]he testimony and argument concerning [] Washington's absence from the trial . . . was nothing more than a vehicle for suggesting to the jury that the content of his statement was favorable to the Commonwealth and not to [appellant] — thus accomplishing an end-run around *Crawford*'s prohibition against testimonial hearsay.

*Id.* at 52.

On June 13, 2011, Washington gave a statement to the Philadelphia Police Department in which he identified appellant as the shooter. (Philadelphia Police activity sheet, 6/13/11.) Washington further stated that after the shooting, he and appellant ran toward Richard Allen, "at which time he was told by [appellant] to keep his mouth shut." (*Id.*) During his interview with the police, Washington identified a photograph of appellant. (*Id.*)

In the instant case, appellant takes issue with the testimony of Detective Spotwood. During the trial, Detective Spotwood testified that Washington was interviewed by the police on June 13, 2011, but he had not appeared to testify at appellant's trial. (Notes of testimony, 3/10/14 at 35; R.R. at 169a.) Detective Spotwood also testified about his efforts to locate Washington to have him testify at trial. (Notes of testimony, 3/10/14 at 33-39, 54-55; R.R. at 169a-170a, 174a.) Specifically, Detective Spotwood testified that he had been looking for Washington during the two weeks leading up to the trial, that he had confirmed Washington's address with

Washington's probation officer, and that efforts to reach Washington by telephone were unsuccessful. (Notes of testimony, 3/10/14 at 35-37; R.R. at 169a-170a.)

The Pennsylvania Rules of Evidence permit a trial judge to exclude otherwise relevant evidence if its probative value is outweighed by a danger of, **inter alia**, unfair prejudice, confusing the issues, or misleading the jury. Pa.R.E. 403. This court has held that evidence should be excluded on the grounds of prejudice, "only if it has 'an undue tendency to suggest decision on an improper basis,' or if it would 'divert the jury's attention away from [its] duty of weighing the evidence impartially.'" **Commonwealth v. Foy**, 576 A.2d 366, 369 (Pa.Super. 1990), **affirmed**, 612 A.2d 1349 (Pa. 1992), quoting **Whistler Sportswear, Inc. v. Rullo**, 433 A.2d 40, 47 (Pa.Super. 1981), and **Commonwealth v. Taliaferro**, 455 A.2d 694, 698 (Pa.Super. 1983) (citations omitted).

The record reflects that Detective Spotwood testified about his efforts to locate Washington to have him testify at trial. (Notes of testimony, 3/10/14 at 33-39, 54-55; R.R. at 169a-170a, 174a.) At no point did Detective Spotwood testify as to the contents of Washington's June 13, 2011 statement to the police, nor did he testify either explicitly or implicitly that Washington's testimony could have been favorable to the Commonwealth. Therefore, Attorney McMahon did not have a basis to raise an objection to Detective Spotwood's testimony.

**The Commonwealth's Closing Argument**

We next turn to the Commonwealth's closing argument to the jury. In his brief, appellant highlights the following excerpts from the Commonwealth's closing argument:

> I wrote down in preparation to give this speech to you all today some things I thought I was going to hear from defense counsel . . . I missed a couple . . . That the government through a mistake; not turning over those photo arrays when they should have been; right? And they were turned over and we had them and Mr. Babbs was asked about them. That that's a conspiracy and an outrage. Where is the outrage; right? I heard a lot of yelling throughout this trial from that side of the room.
>
> Where is the outrage that Roger Washington isn't here to testify? I didn't hear any outrage about that. . . .
>
> . . . .
>
> The question always is for a witness, Well, why do I have to go into court? Didn't you take a statement from me? Why is that not good enough? I already told you what happened. Why do I have to come to court? Why? Why? I don't want to. Tracy Capers didn't want to. Roger Washington didn't want to. Depaul Babbs didn't want to. Nobody wanted to come to court . . .

Appellant's brief at 51, quoting notes of testimony, 3/10/14 at 228-229, 232; R.R. at 217a-218a.

Preliminarily, we note that our supreme court has recognized that a prosecutor must be afforded reasonable latitude to argue a defendant's guilt. ***Commonwealth v. Clancy***, 192 A.3d 44, 62 (Pa. 2018), citing ***Commonwealth v. Cronin***, 346 A.2d 59, 62 (Pa. 1975) (citation omitted).

The **Clancy** court further recognized that a prosecutor may "argue all reasonable inferences from the evidence of record." **Clancy**, 192 A.3d at 62, quoting American Bar Association Standards Relating to the Prosecution Function § 3-6.8(a).[6]

Based on our review of the record, we cannot discern any reference by the Commonwealth during its closing argument to the contents of Washington's statement to the police, nor can we discern any reference as to whether Washington's testimony would have been favorable to the Commonwealth had he appeared to testify at trial. Put another way, the record reflects that the Commonwealth's closing argument consisted of fair conclusions derived from the evidence presented during the trial. **See Clancy**, 192 A.3d at 62. Therefore, Attorney McMahon did not have a basis to raise an objection to the Commonwealth's references to Washington during its closing argument.

We, therefore, find that neither Detective Spotwood's testimony nor the Commonwealth's closing argument suggested a jury decision on an improper basis. **Foy**, 576 A.2d at 369 (citations omitted). Likewise, we find that neither Detective Spotwood's testimony nor the Commonwealth's closing argument diverted the jury's attention away from its duty of weighing the evidence impartially. **Id.** We further find that Detective Spotwood's testimony did not

---

[6] Our supreme court has adopted the American Bar Association Standards Relating to the Prosecution Function. **Commonwealth v. Starks**, 387 A.2d 829, 831 (Pa. 1978) (citations omitted); **see also Clancy**, 192 A.3d at 62.

confuse the issues or mislead the jury. Accordingly, appellant's second issue is without arguable merit.

## III.

In his third issue, appellant complains that Attorney McMahon rendered ineffective assistance by failing to object to a jury instruction given by the trial court in light of a **Brady**[7] violation. (Appellant's brief at 60-61.) As noted by the PCRA court:

> The Commonwealth failed to disclose that a witness, DePaul Babbs, was shown at least one, possibly two, photo arrays and failed to identify [appellant.] The [**Brady**] violation was discovered on cross-examination when Babbs explained that he was shown a photo array by Detective Spotwood and did not make an identification. The [trial c]ourt granted a continuance, permitted the parties to interview Detective Spotwood, and provided time for [t]rial [c]ounsel to review the photo array once it was provided by the Commonwealth. Detective Spotwood testified that he failed to document the non-identification and claimed that it was an oversight. He testified inconsistently whether the photo arrays were provided to the District Attorney's Office. He admitted that he "absolutely" would have documented a positive identification but denied that this was an attempt to suppress the non-identification. Trial [c]ounsel requested a limiting instruction be given to the jury that the Commonwealth was required to turn over that information and failed to do so. [The trial court] found that the non-disclosure was a **Brady** violation but that the violation was not intentional. As a result, [the trial court] added language to the jury instruction asking the jury not to hold that nondisclosure against the [Assistant] District Attorney personally, which [appellant] claims neutralized the effect of the

---

[7] **See Brady v. Maryland**, 373 U.S. 83 (1963).

> instruction. [Appellant] claims that [t]rial [c]ounsel was ineffective for failure to object to this language.

PCRA court opinion, 4/25/19 at 10-11 (citation to the record omitted).

Here, the following jury instruction is at issue:

> Now, ladies and gentlemen, when we left yesterday, Mr. Babbs was on the witness stand and he was being cross-examined by defense counsel Mr. McMahon. There were some discussions about some photographs that Mr. Babbs had been shown. So I want to tell you that I have had an opportunity to speak with counsel. And Mr. McMahon has advised me that the assistant district attorney Mr. Handrich did provide this morning copies of the photo spreads that were used in this trial. That were used in the investigation of this matter. What I want you to understand is that the Commonwealth had an obligation to turn those photos over well before the time of trial.
>
> So sometimes that happens. A lot of paperwork is involved. I do want you to understand that Mr. Handrich is not the person who was responsible for holding the paperwork and not turning it over in a timely manner. So the two things to understand is [sic] Mr. McMahon should have had the papers, the photos long before this morning, and Mr. Handrich is not to be held responsible because the paperwork was not turned over. It has been received this morning. Mr. McMahon has had an opportunity to review it and we're going to pick up from there.

Notes of testimony, 3/7/14 at 14-16; R.R. at 120a. Specifically, appellant contends that trial counsel should have objected because the trial court's jury instruction "was an abuse of discretion and improperly foreclosed any possible conclusion by the jury that the failure to make discovery [on the part of the Commonwealth] was in bad faith[.]" (Appellant's brief at 59.)

- 19 -

It is axiomatic that at the trial level, evidentiary questions of law are reserved for the judge, while questions of fact are reserved exclusively for the fact-finder. *See* Pennsylvania Suggested Standard Criminal Jury Instructions § 2.01. In cases involving *Brady* violations, it is within the purview of the trial court to determine whether a *Brady* violation on the part of either the district attorney or law enforcement was committed with the intent to deprive a defendant of a fair trial or was otherwise the product of intentional misconduct. *Commonwealth v. Adams*, 177 A.3d 359, 374 (Pa.Super. 2017).

As noted by the Commonwealth, appellant does not allege that the trial court's curative instruction was an inadequate remedy for the *Brady* violation, nor did appellant allege that the trial court's instruction failed to cure the *Brady* violation. (Commonwealth's brief at 30.) Rather, appellant's sole contention is that Attorney McMahon's failure to object to the trial court's curative instruction deprived the jury of the opportunity to determine whether the Commonwealth's *Brady* violation was in bad faith. (Appellant's brief at 58-59.) Appellant's argument would require the jury to determine a question of law — which is in the exclusive purview of the trial judge. Accordingly, we find appellant's third issue is without arguable merit.

**IV.**

In his fourth issue on appeal, appellant raises a cumulative prejudice claim. Specifically, appellant contends that the "multiple instances of

ineffectiveness . . . combine to render an even stronger case for awarding a new trial or a new direct appeal." (Appellant's brief at 62.)

> [Our supreme court has] often held that "no number of failed [] claims may collectively warrant relief if they fail to do so individually." [**Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009)] (quoting **Commonwealth v. Washington**, [] 927 A.2d 586, 617 ([Pa.] 2007)). However, [the court has] clarified that this principle applies to claims that fail because of lack of merit or arguable merit. [**Commonwealth v. Sattazahn**, 952 A.2d 640, 671 (Pa. 2008)]. When the failure of individual claims is grounded in lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed. **Id.**; **Johnson**, **supra** at 532 (citing **Commonwealth v. Perry**, [] 644 A.2d 705, 709 ([Pa.] 1994), for the principle that a new trial may be awarded due to cumulative prejudice accrued through multiple instances of trial counsel's ineffective representation.

**Commonwealth v. Spotz**, 18 A.3d 244, 321 (Pa. 2011).

Here, none of appellant's three issues pertaining to ineffective assistance of counsel were disposed of due to a lack of a showing of prejudice. Rather, all three issues failed because they lacked arguable merit. Accordingly, appellant's claim of cumulative prejudice from multiple errors is without merit.

**V.**

In his fifth issue, appellant contends that he is due relief in light of the Supreme Court of the United States' holdings in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). The **Miller** Court held that mandatory minimum sentences for defendants who

were juveniles at the time of the offense violated the Eighth Amendment. *Miller*, 567 U.S. at 470. *Montgomery* applied the holding in *Miller* retroactively for the purposes of state collateral review. *Montgomery*, 136 S.Ct. at 732.

As noted by appellant, an *en banc* panel of this court declined to extend the holdings in *Miller* and *Montgomery* to defendants over 18 years of age at the time of the offense. *Commonwealth v. Lee*, 206 A.3d 1, 11 (Pa.Super. 2019) (*en banc*), *appeal denied*, 218 A.3d 851 (Pa. 2019); *see* appellant's brief at 63-64. Under the doctrine of *stare decisis*, we are bound by existing precedent that has not subsequently been overturned by our supreme court. *Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa.Super. 2014) (citations omitted).

At the time of the offense in the instant case, appellant was 21 years of age. (Appellant's brief at 63.) Therefore, in light of this court's holding in *Lee*, appellant is not due relief, and his fifth issue is without merit. *Lee*, 206 A.3d at 11.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20