J-A25013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER H. KNIERIM JR. | : | |
| | : | |
| Appellant | : | No. 182 MDA 2020 |

Appeal from the PCRA Order Entered January 17, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000595-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER H. KNIERIM, JR. | : | |
| | : | |
| Appellant | : | No. 183 MDA 2020 |

Appeal from the PCRA Order Entered January 17, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000500-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER H. KNIERIM, JR. | : | |
| | : | |
| | : | No. 184 MDA 2020 |

Appeal from the PCRA Order Entered January 17, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000646-2017


BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                              **FILED MARCH 16, 2021**

Roger H. Knierim, Jr., appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In March 2017, Appellant pled guilty to retail theft at each of the two 2016 cases captioned above. Following review of a presentence investigation report ("PSI"), the trial court sentenced him in June 2017 to two consecutive five-year terms of probation. Given Appellant's extensive criminal history, the court advised Appellant that he faced a significant term of incarceration if he did not successfully complete probation. *See* PCRA Court Order and Opinion, 1/17/20, at 3. Appellant filed no direct appeal.

Appellant "only made it 115 days" before he violated probation and was arrested for the theft of a cell phone and wallet and his use of a credit card found therein to purchase nearly $300 of goods from a Sheetz store. *Id*. As a result of the new charges, which were brought at the 2017 docket captioned above and which included forgery, access device fraud, and theft by unlawful taking, the Huntington County Probation Department filed a petition to revoke his probation in the 2016 cases.

In April 2018, Appellant filed PCRA petitions in the 2016 cases. The PCRA court appointed counsel, held a hearing, and denied relief. Appellant appealed the PCRA denial to this Court. Meanwhile, the parties engaged in negotiations in the 2017 case, reaching a plea agreement that "blew up" at the last minute based upon Appellant's push for a slightly lesser minimum

- 2 -

sentence. *See* PCRA Court Order and Opinion, 1/17/20, at 9. Counsel appointed to represent Appellant in the 2017 case engaged in further discussions, with Appellant's PCRA counsel for the 2016 charges becoming involved in the role of peacemaker with the Commonwealth. Meanwhile, Appellant directed PCRA counsel to discontinue his PCRA appeal, which counsel did in September 2018 after attempting to talk Appellant out of it.

On October 4, 2018, Appellant entered a guilty plea in the 2017 case to one count of access device fraud, with the Commonwealth dismissing the other charges. The trial court accepted the plea in the 2017 case, as well as Appellant's admission of the probation violations in the 2016 cases. As it had familiarity with Appellant and his criminal history that predated the 2016 cases, as well as having recently reviewed a PSI report before imposing Appellant's probation sentences, the trial court did not order a new presentence investigation. Rather, it proceeded to sentence Appellant in all three cases to an aggregate term of incarceration of four to ten years.

Appellant filed a direct appeal following the denial of his post-sentence motion. He raised three claims for this Court's review: (1) that his sentence was excessive, (2) that the trial court erred in not ordering a new PSI, and (3) that his admissions to the probation violations were not knowing and voluntary because his PCRA counsel informed him that he would get concurrent sentences of one to two years of incarceration in the 2016 cases if he withdrew his PCRA appeal. *See Commonwealth v. Knierim*, 217 A.3d

431 (Pa.Super. 2019) (non-precedential decision at 3, 6-7). This Court rejected the challenge to the length of Appellant's sentence, finding no abuse of discretion given the trial court's consideration of all relevant sentencing factors with the benefit of the PSI prepared for the June 2017 sentencing proceeding and the substantial background information about Appellant's extensive criminal history and continuing addiction issues despite prior attempts at rehabilitation. *Id*. (non-precedential decision at 5-6). We found Appellant's remaining arguments waived because they were not raised prior to the appeal. *Id*. (non-precedential decision at 6-7).

Appellant filed a timely PCRA petition as to all three cases, counsel was appointed, and amended and supplemental amended petitions were filed. In total, Appellant raised three claims of ineffective assistance of counsel: (1) *per se* ineffectiveness under **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999), in failing "to perfect the issue of the [t]rial [c]ourt's failure to direct that a PSI be ordered for his [2018] sentencing," **see** Amended PCRA Petition, 9/12/19, at 4; (2) *per se* ineffectiveness in waiving for direct appeal the issue of the validity of his admissions to probation violations, *id*.; and (3) an involuntary plea induced by revocation counsel advising him that he would receive an aggregate sentence of two to four years of imprisonment if he withdrew his PCRA appeals. **See** Supplemental Amended PCRA Petition, 12/4/19, at 1-2.

- 4 -

The PCRA court held a hearing at which plea counsel on the 2017 case, prior PCRA counsel for the 2016 cases, and Appellant testified. Thereafter, it issued an order, findings of fact, and opinion denying all of Appellant's PCRA claims. Appellant simultaneously filed a timely notice of appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the PCRA court adopted its prior order and opinion to satisfy its Pa.R.A.P. 1925(a) obligations.

Appellant presents this Court with three allegations of PCRA court error:

1. The [PCRA] court erred in denying the Appellant's [PCRA petition] in regards to the issue of his prior counsel failing to perfect his direct appeal rights as it pertains to the issue of the trial court not ordering a second presentence investigation report ("PSI") at the time of his re-sentencing for the cases docketed at CR-646-2017, CR-595-2016, and CR-500-2016.

2. The [PCRA] court erred in denying the Appellant's [PCRA petition] in regards to the issue of his prior counsel failing to perfect his direct appeal rights as it pertains [to] the issue of the validity of his admission of probation violations in the cases docketed at CR-500-2016 and CR-595-2016.

3. The [PCRA] court erred in denying the Appellant's [PCRA petition] in regards to the issue of whether the Appellant entered a knowing and competent plea for the case docketed at CR646-2017.

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin with a review of the applicable legal principles. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344,

347 (Pa.Super. 2017). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa.Super. 2014) (*en banc*) (cleaned up). Furthermore, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Appellant's claims all challenge the performance of counsel. Accordingly, we observe that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error." *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa.Super. 2020) (internal quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Id*. at 15 (cleaned up).

In his first two issues, Appellant contends that counsel was ineffective in failing to preserve for direct appeal the claims that the trial court erred in

not ordering a new PSI for sentencing Appellant on the revocation of probation in the 2016 cases and the new conviction in the 2017 case and that he did not knowingly and voluntarily admit to the parole violations. Appellant maintains that the failure to preserve these two issues entirely deprived him of his right to direct appeal such that counsel was ineffective *per se*. **See** Appellant's brief at 12, 15 (citing **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005) (finding *per se* ineffectiveness upon counsel's waiver of all appellate claims by not filing a Pa.R.A.P. 1925(b) statement); **Lantzy**, **supra** (same—failure to perfect a requested direct appeal); **Commonwealth v. Franklin**, 823 A.2d 906 (Pa.Super. 2003) (same—quashal of appeal for deficient brief).

The authority relied upon by Appellant is inapposite. A finding of *per se* ineffectiveness is the exception to the general rules of proof for claims of this nature and exists only in limited circumstances where counsel committed "errors which completely foreclose appellate review" amounting "to a constructive denial of counsel." **Commonwealth v. Rosado**, 150 A.3d 425, 433 (Pa. 2016). When counsel's actions or omissions "only partially foreclose such review," the claims require proof of all three prongs discussed *supra*, namely arguable merit, lack of a reasonable basis, and prejudice. **Id**. **See also Halley**, **supra** at 801 ("The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance.").

Here, counsel perfected a direct appeal and obtained merits review of a claim that Appellant's sentence was excessive. **See Knierim**, **supra** (non-precedential decision at 5-6). While counsel's error narrowed the ambit of the appellate review, Appellant was not constructively denied a direct appeal by counsel's failure to preserve two additional claims. **See**, **e.g.**, **Commonwealth v. Reed**, 971 A.2d 1216, 1226 (Pa. 2009) (holding briefing deficiency that resulted in waiver of claim did not warrant presumption of prejudice where appeal was not quashed). Accordingly, Appellant was entitled to relief on these claims only through pleading and proving each prong of the above-stated ineffectiveness test.

Appellant does not present any argument addressing the arguable merit of the claims or suggesting that counsel lacked a reasonable basis in failing to pursue them. As for prejudice, he merely asserts that he was prejudiced because this Court found the claims waived and did not address them. Appellant cites nothing that would have been revealed in a new PSI report that was likely to have resulted in the imposition of a different sentence. Nor does he suggest that counsel advised him to admit to the probation violations, let alone that he would have insisted on an adjudicatory hearing on the violations but for counsel's deficient advice. Stated plainly, Appellant offers no valid basis for us to conclude that the PCRA court erred in rejecting his first two claims of ineffective assistance. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1132 (Pa. 2007) (holding PCRA petitioner's claim that counsel was

ineffective in failing to challenge inadequate statement of reasons for sentence following probation violation was properly denied based upon his failure to establish that the sentence would have otherwise been different); ***Commonwealth v. Pier***, 182 A.3d 476, 479 (Pa.Super. 2018) (noting that the voluntariness of a plea challenged through the PCRA depends on "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases," and that the petitioner must establish that, absent counsel's error, he would have insisted upon going to trial). No relief is due.

In his final issue, Appellant asserts that the PCRA court erred in denying his claim that counsel's ineffectiveness rendered his pleas involuntary. Specifically, "Appellant contends that [plea counsel] advised him that if he discontinued his PCRA Petition, that he would receive 6 to 13 months each on the cases docketed at 500-2016 and 595-2016, and 1 to 2 years for the case docketed at 646-2017." Appellant's brief at 17. He argues that the PCRA court erred in denying him PCRA relief in the form of withdrawal of his plea in light of his own testimony at the PCRA hearing. ***See id***. at 21 (citing N.T. PCRA Hearing, 12/19/19, at 31-40).

Appellant's argument ignores the PCRA court's factual findings and our standard of review. While Appellant did testify as indicated, the PCRA court rejected his testimony in favor of that of plea counsel and prior PCRA counsel, who testified that they did not advise him to withdraw his PCRA appeals and that there was no plea agreement to any particular sentence. ***See*** PCRA Court

Order and Opinion, 1/17/20, at 2, 19. The PCRA court's factual findings and credibility determinations are supported by the record. *See* N.T. PCRA Hearing, 12/19/19, at 9-11, 28-31. Therefore, we may not disturb them. See *Medina*, *supra* at 1214. Consequently, Appellant's final claim was properly denied upon the failing of its factual underpinning, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/16/2021